**Floyd E. CLARK, Appellant,**

v.

**A. L. LOCKHART, Superintendent, Cummins Unit, Arkansas Department of Correction, Appellee.**

No. 74–1692.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 8, 1975.

Decided March 18, 1975.

Robert A. Newcomb, Atty., for Inmates, Department for Correction, Pine Bluff, Ark., for appellant.

Jack Lassiter, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before BRIGHT, STEPHENSON, and WEBSTER, Circuit Judges.

BRIGHT, Circuit Judge.

Floyd Clark brought a petition for habeas corpus to set aside a 1971 Arkansas conviction, entered upon his guilty plea to a charge of rape, and a sentence of 75 years' imprisonment imposed by a jury impaneled to decide punishment. Clark appeals from the district court's denial of relief. We affirm the judgment of the district court.

The appellant raises the following issues:

1) the state failed to prove that his plea of guilty had been entered knowingly, intelligently and with the competent advice of counsel;

2) the state trial procedures denied Clark due process of law because the trial judge advised the jury of the existence of parole eligibility under a sentence for a term of years; and

3) the federal district court in the habeas proceeding erred in receiving evi-

dence by way of deposition rather than in open court.

█ We reject Clark's first contention for the reasons enunciated by Chief Judge Henley in his memorandum opinion filed in the district court July 29, 1974. After a detailed review of the evidence, Judge Henley determined that the plea was entered voluntarily and understandingly, and that its acceptance by the Arkansas circuit court did not offend due process of law. We have carefully reviewed the record and conclude that it amply sustains Judge Henley's determination.

Clark's second contention, that he was deprived of due process of law because the jury was advised of his parole eligibility, poses a question of some difficulty and necessitates a review of the procedure under which the jury sentenced Clark.

Under Arkansas procedure, following a conviction for rape, a jury must decide the terms of the defendant's sentence. Arkansas law prescribes punishment ranging from imprisonment for 30 years to death for first degree rape, Ark.Stat. Ann. § 41–3403 (Supp.1973). The prosecutor and the appellant entered into a plea bargain in which the state agreed that in return for a plea of guilty it would not ask for the death penalty. A jury was duly impaneled to hear the case and decide the sentence. Following Arkansas practice, the court instructed the jury before counsel for the parties orally argued. Over the objections of the defendant, the court instructed as follows:

The jury is instructed that under the law, as it now exists in Arkansas, anybody who is committed to the Department of Correction for a period of years will be eligible for parole after they have served one-third of their time and they, also, of course, by statute, are allowed what is known as "good time," which is a premium they give them for good behavior.

Thereafter, during the course of argument, appellant's counsel argued that the jury should impose the sentence for a term of years, limited to the minimum sentence of 30 years. In rebuttal argument, the prosecutor stated:

The defense lawyer tells us, well, thirty years is a long time, give him a number of years. Thirty years is a long time, yet we heard His Honor instruct us that under the law of Arkansas, and when you go in this jury-room remember this, under the law of Arkansas a man is subject to parole.

After the case had been submitted, the jury returned and the following colloquy occurred in open court:

THE COURT: Did the jury have some question they wanted to ask?

THE FOREMAN: Yes sir. In the determination, if a life sentence were given, what is the process for parole? What is the chance of parole? We understand where years are given that one-third, with good behavior, can be formulated to get the amount.

THE COURT: There is no provision for parole on a life sentence. Under the law a person who is serving a life sentence, before he can be paroled there must be a commutation of the sentence by the governor before he can be paroled. I can't tell you what the experience shows to be the average time.

A JUROR: May I ask a question? Does there have to be some intercession with the governor for the man to get a chance for commutation?

THE COURT: Yes, sir, the governor is the only one that can commute a life sentence to a term of definite years. Do you all understand that you may fix the punishment at either life imprisonment or a term of years, any number of years not less than thirty?

THE FOREMAN: Yes, sir, we understand that.

THE COURT: I believe that is about the best I can answer your question, Mr. Foreman. I can only tell you what the law is. I can't tell you what the usual customs are, and what the experience shows them to be.

You may retire.

The jury then retired for further deliberation and thereafter returned to the courtroom to announce that it had set punishment at 75 years' imprisonment.

Appellant asserts that the conduct of the state in requesting and receiving an instruction on parole eligibility was prejudicial and fundamentally unfair, in violation of the Due Process Clause of the fourteenth amendment. The Arkansas Supreme Court rejected this contention in its consideration of Clark's petition for relief under state post-conviction procedures. That court had recognized that such an instruction would constitute trial error in its decision in Andrews v. State, 251 Ark. 279, 472 S.W.2d 86 (1971). In *Andrews,* the supreme court ruled that an instruction relating to parole eligibility would no longer be permissible but limited its ruling to prospective operation only. *Id.* at 92. Because the court decided *Andrews* after Clark's sentencing trial, it held that the instruction challenged by Clark did not violate due process. Clark v. State, 255 Ark. 13, 498 S.W.2d 657, 662 (1973).

Appellant cites no authority for the proposition that an instruction relating to parole eligibility, when given to a jury such as this one, which is called upon only to impose sentence, rises to constitutional error. The issue is not free from doubt, however. The state courts, in considering an analogous matter, differ on whether giving similar instructions in a criminal case constitutes improper trial procedure. *See* Annots., 35 A.L.R.2d 769 (1954) and 12 A.L.R.3d 833 (1967).

The record in this case leads directly to the inference that the jury, by imposing a sentence of 75 years, intended that the defendant serve at least 25 years without eligibility for parole. The jury foreman's comment to the judge makes this clear:

> We understand where years are given that one-third, with good behavior, can be formulated to get the amount.

Sentencing juries in Arkansas have often made this kind of inquiry. *See* Andrews v. State, *supra*, 472 S.W.2d at 87–91.

It may be assumed that persons serving on a jury are generally aware that prisoners are often paroled prior to the expiration of prison terms. Without an instruction on the availability of parole, a jury aware of its availability but uncertain about its effect on a sentence is left to guess at how to set sentence to accommodate it. On the other hand, where the court gives an instruction as it has in this case, a jury may wander "far afield from its proper purpose and prerogative" in fixing punishment. Andrews v. State, *supra*, 472 S.W.2d at 92.

■ Without an instruction on the unavailability of parole with respect to life imprisonment and its availability with respect to a sentence for a term of years, it is possible that an Arkansas jury might impose a life sentence under the misapprehension that a prisoner serving a life sentence becomes eligible, in common with a prisoner serving a sentence for a term of years, for parole after serving only a part of his sentence. Without a clarifying instruction, this could have been the result in Clark's case. Under these circumstances, we cannot say that the instruction, although improper, violated fundamental fairness and denied Clark due process of law under the fourteenth amendment.

■ Finally, we find no merit in Clark's contention that the district court erred in considering at the habeas corpus hearing deposition testimony from the prosecuting attorney and the defense counsel at his state trial. Although Wingo v. Wedding, 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974), requires an evidentiary hearing on a habeas corpus petition before a district court judge, *id.* at 2848–2849, the case does not bar the district court from hearing deposition evidence in a habeas corpus case. The statute applicable to such proceedings, 28 U.S.C. § 2246 (1970), specifically authorizes the use of depositions in cases in which a petitioner seeks a writ of habeas corpus. The statute provides in part:

> On application for a writ of habeas corpus, evidence may be taken orally

or by deposition, or, in the discretion of the judge, by affidavit.

Accordingly, we affirm the judgment of the district court.