16 F.3d 1221
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ray Darris THOMPSON, Petitioner-Appellant,
v.
Neil RONE, Respondent-Appellee.
 Nos. 92-5839, 92-5840.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1994.
 
 Before: GUY and RYAN, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Ray Darris Thompson appeals a judgment dismissing his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. We must decide whether the district court erred in finding a procedural default, concluding that the petitioner failed to establish cause and prejudice, and deciding that the petitioner has suffered no miscarriage of justice. Because we find no error, we affirm.
 
 I.
 
 2
 Thompson was convicted in a Tennessee State prosecution in 1975 of raping a woman at knife point. At trial, he claimed that the woman consented, but on the advice of his counsel Thompson did not testify. The Shelby County Criminal Court sentenced him to seventy-five years confinement. Thompson appealed his conviction asserting evidentiary errors, but the Tennessee Court of Criminal Appeals affirmed his conviction.
 
 
 3
 Thompson then filed a state petition for post-conviction relief alleging ineffective assistance of counsel based on, among other things, his trial counsel's failure to object to a jury instruction regarding parole eligibility and his trial counsel adivsing him not to testify. Thompson also alleged that he was denied due process because of the parole eligibility instruction that was given to the jury. In 1978, following a two-day hearing, Judge Lafferty of the Shelby County Criminal Court concluded that Thompson received a fair trial and was not denied effective assistance of counsel. In an extensive and well-reasoned opinion, Judge Lafferty denied the petition.
 
 
 4
 Thompson appealed to the Tennessee Court of Criminal Appeals, but he neglected to raise the issues of his trial counsel advising him not to testify and his trial counsel's failure to object to the jury instruction concerning his eligibility for parole; nor did Thompson raise those issues in the pro se supplemental brief that he filed with the appellate court. In 1979, the Court of Criminal Appeals denied Thompson's petition, and the Tennessee Supreme Court denied certiorari.
 
 
 5
 Thompson's first habeas corpus petition, filed in 1978, was dismissed because his state appeal was still pending. In 1979, he filed a second habeas petition in federal court alleging, among other things, ineffective assistance of counsel in that his attorney failed to advise him of the consequences of not testifying at trial and denial of due process based on the state trial court's eligibility for parole jury instruction. The petition was referred to a magistrate judge who recommended that the writ be granted because of the jury instruction. After holding a hearing, the district court concluded that Thompson had not been denied effective assistance of counsel and had not been denied due process because of the jury instruction. Consequently, the habeas petition was denied. Thompson then appealed to this court.
 
 
 6
 In that appeal, the state argued for the first time that the petitioner had failed to present his ineffective assistance of counsel claim to the Tennessee appellate court and that the Tennessee courts would hear such a claim if it were presented. This court agreed, and the case was remanded and ultimately dismissed for failure to exhaust state remedies. Thompson v. Rose, No. 83-5442 (6th Cir. Apr. 23, 1984) (per curiam ).
 
 
 7
 In 1984, Thompson filed a second petition for post-conviction relief in the Criminal Court of Shelby County. In this petition, Thompson again alleged that he was denied effective assistance of counsel because his trial attorney advised him not to take the stand and failed to object to the jury instruction on parole eligibility. The state argued that Thompson's petition should be dismissed because Thompson waived those issues by not raising them in his appeal from the denial of his first post-conviction petition. The Tennessee court agreed and dismissed the petition. Apparently, Thompson never appealed.
 
 
 8
 Thompson filed a third petition for post-conviction relief in the Criminal Court of Shelby County in 1988. The court denied this petition, and Thompson then appealed to the Tennessee Court of Criminal Appeals. The appellate court affirmed on the ground that Thompson had waived his ineffective assistance of counsel claims by not asserting them previously. The Tennessee Supreme Court denied leave to appeal.
 
 
 9
 Thompson then filed this federal habeas corpus petition alleging that (1) he was denied a fair and impartial post-conviction proceeding, (2) he was denied a fair trial because he did not testify on his own behalf, (3) he was denied due process by the Tennessee courts, (4) he was denied effective assistance of trial counsel, (5) he did not intelligently waive his right to testify on his own behalf, (6) the trial court gave improper jury instructions, thus denying him due process, and (7) the trial court improperly admitted evidence of other crimes.
 
 
 10
 The case was referred to a magistrate judge who recommended that the petition be denied because Thompson's ineffective assistance of counsel claims were barred in state court because of a procedural default and Thompson could not demonstrate cause to excuse the default. The magistrate judge found that Thompson's other claims were likewise not reviewable or were without merit. Finding that Thompson had indeed committed a procedural default when he failed to properly assert his ineffective assistance of counsel claims, the district court dismissed the petition. Thompson now appeals to this court arguing that there was no procedural default and the ineffective assistance of his counsel constituted cause sufficient to excuse his default.
 
 II.
 
 11
 Under 28 U.S.C. Sec. 2254, state prisoners may file a petition for a writ of habeas corpus challenging the constittuionality of their state court convictions, and we review such petitions de novo. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). Generally, state prisoners must first fairly present their claims to the state courts to provide them an opportunity to remedy any constitutional infirmity in the conviction. Castille v. Peoples, 489 U.S. 346, 349 (1989). If a prisoner fails to present his claim to a state court and is now barred from pursuing relief in that court, federal habeas review of the claim is barred unless the prisoner can show cause to excuse his failure to present the claim in the state court and actual prejudice to his defense at trial or on appeal. Teague v. Lane, 489 U.S. 288, 298-99 (1989); Riggins v. McMackin, 935 F.2d 790, 792-93 (6th Cir.1991).
 
 A.
 
 12
 The first issue then is whether Thompson's claims of ineffective assistance of counsel based on his attorney's advice not to testify and his attorney's failure to object to the parole eligibility instruction are procedurally barred in state court. A procedural default will bar federal habeas relief when the last state court rendering a decision in the case clearly and expressly states that its decision rests on a state procedural bar. Harris v. Reed, 489 U.S. 255, 262-63 (1989). If the last state court judgment is clearly premised on a question of state procedural law that is independent of the merits of the federal claim, then habeas relief is not available. Id. at 264. State procedural issues will be considered an independent and adequate basis for a state court judgment even if they are given as alternative grounds for the decision by the state court. Id. at n. 10. For purposes of habeas review, the last state court judgment is the last explained state court judgment. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594 (1991).
 
 
 13
 Thus, the critical inquiry in this case is whether the Tennessee Court of Criminal Appeals clearly and expressly relied on the fact that Thompson waived his ineffective assistance of counsel claims. First, Thompson argues that his ineffective assistance of counsel claims were fairly presented to the state courts in his direct appeal and in his initial post-conviction petition because those claims were on the face of the trial record. We think this is simply incorrect. Thompson first raised the ineffective assistance of counsel claims in his first post-conviction petition, but he failed to raise those issues in his appeal from the denial of that petition. Subsequently, the state court refused to review those issues because Thompson had waived them by not properly raising them on appeal.
 
 
 14
 In the alternative, Thompson argues that the last state court judgment in this case did not clearly rely on the state procedural bar. We disagree. In 1989, affirming the dismissal of Thompson's petition, the Tennessee Court of Criminal Appeals stated:
 
 
 15
 We now have before us the petitioner's third post-conviction petition, filed in 1988, which the trial court dismissed without an evidentiary hearing on the ground that all the matters alleged had been previously determined or waived. We find no reversible error and affirm.
 
 
 16
 The current petition contains seven grounds for relief, some of them with sub-parts. Of these seven, several fail to state claims upon which post-conviction relief can be granted, because the alleged deficiencies are not constitutional in nature even though the petitioner has framed them in constitutional terms, i.e., as a deprivation of due process or the like. Among these issues is the petitioner's claim that he received ineffective assistance of counsel at his earlier post-conviction hearing.
 
 
 17
 Most of the other grounds in the current petition set out claims which could have been raised on the petitioner's direct appeal, filed in 1976, or in his 1978 post-conviction petition, but which were not timely raised in those proceedings. Moreover, no reason is given for the failure to raise these matters at the first opportunity.
 
 
 18
 ....
 
 
 19
 As to another ground, the defendant's claim that he was improperly deprived of the right to testify in his own behalf by the action of counsel, there is simply no explanation for the failure to raise the issue in a previous proceeding.
 
 
 20
 Under TCA Sec. 40-30-112(b)(1), a ground for post-conviction relief is waived if the petitioner has knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented. Moreover, there is a rebuttable presumption that a ground for relief not raised in such a prior proceeding has been waived. TCA Sec. 40-30-112(b)(2). In this case, neither the post-conviction petition nor the brief filed in this court explains why the alleged grounds for relief were not raised previously, except for the conclusory allegation that the grounds were not knowingly or intelligently waived.
 
 
 21
 Thompson v. Tennessee, No. 87 (Tenn.Crim.App. Nov. 8, 1989) (citations omitted). This opinion plainly states that the appellate court affirmed the denial of Thompson's petition because his claims were waived. The Tennessee court specifically relied on a Tennessee statute which provides:
 
 
 22
 A ground for relief is "waived" if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented.
 
 
 23
 Tenn.Code Ann. Sec. 40-30-112(b)(1). Under Tennessee law, Thompson waived appellate review of these two critical ineffective assistance of counsel issues by not presenting them to the Tennessee appellate court following the denial of his first post-conviction petition. Therefore, we conclude that Thompson's failure to properly raise these claims bars him from seeking federal habeas relief on these issues absent a showing of cause and prejudice.
 
 B.
 
 24
 The cause and prejudice standard is, of course, a two-pronged test. To establish cause the petitioner must present a substantial reason to excuse the default. Coleman v. Thompson, 111 S.Ct. 2546, 2566 (1991). Cause must be something that cannot be attributed to the petitioner. Id. In this case, Thompson argues that the failure of his counsel to raise these issues in his post-conviction appeal constitutes ineffective assistance of counsel.[1] However, as the district court noted, this claim is precluded by Coleman:
 
 
 25
 There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.... [T]herefore [the petitioner] must "bear the risk of attorney error that results in a procedural default."
 
 
 26
 Id. (citations omitted). Thompson then must bear the responsibility for his counsel's failure to properly raise the claims of ineffective assistance of counsel. Under Coleman, the ineffective performance of Thompson's attorney in the post-conviction proceedings cannot be "cause" for Thompson's procedural default. Consequently, Thompson has failed to demonstrate cause.
 
 
 27
 Thompson raises a number of other issues in his petition. Thompson claims that he "unknowingly waived" his right to testify at trial; that he was denied a fair trial because he did not testify on his own behalf; and that he was denied due process by the Tennessee courts. These claims amount to little more than a restatement of Thompson's ineffective assistance of counsel claims. Because Thompson failed to properly raise these claims in state court and cannot demonstrate cause for his procedural default, we will not review these claims.
 
 
 28
 Thompson also contends that he was deprived of a full and fair post-conviction hearing because the judge in that proceeding, Judge Lafferty, was a former prosecutor. While Judge Lafferty was an assistant district attorney in Shelby County at the time of Thompson's trial, Judge Lafferty had nothing to do with Thompson's appeal. We simply can find no basis for Thompson's allegation of prejudice.
 
 
 29
 Thompson next claims that he was denied due process because the trial court instructed the jury about his eligibility for parole. At the time of Thompson's trial, Tennessee courts were required by statute to instruct the jury with respect to parole eligibility. After Thompson's conviction, but before his direct appeal had been decided, the Tennessee Supreme Court held that the statutory provision requiring that trial judges instruct juries on parole procedure was vague and unconstitutional under the Tennessee state constitution. Farris v. State, 535 S.W.2d 608, 610-11 (Tenn.1976). In Farris, the supreme court gave its ruling to prospective application only:
 
 
 30
 This decision will apply to these cases and to all other wherein convictions have not become final on the date of the release of this opinion.... We, therefore, apply this rule only to this case and others, wherein appropriate assignments have been made, and which have not yet become final.
 
 
 31
 Id. at 614-15; see also Adams v. State, 547 S.W.2d 553 (Tenn.1977). Thompson raised this issue in his first post-conviction petition and in his appeal from its denial. Both the Shelby County Criminal Court and the Tennessee Court of Criminal Appeals reviewed Thompson's claim and concluded that Farris did not apply because Thompson failed to object to the jury instruction at trial and in his direct appeal.
 
 
 32
 Thompson has not persuaded us that the jury instruction given in this case amounts to a violation of the due process clause of the Fourteenth Amendment. The state courts that have confronted an analogous issue have split on whether such an instruction amounts to prejudicial error. See Annotation, Prejudicial Effect of Statement or Instruction of Court as to the Possibility of Parole or Pardon, 12 A.L.R.3d 833 (1967 & Supp.1993). Reviewing a similar jury instruction in Clark v. Lockhart, 512 F.2d 235 (8th Cir.), cert. denied, 423 U.S. 872 (1975), the Eight Circuit observed:
 
 
 33
 It may be assumed that persons serving on a jury are generally aware that prisoners are often paroled prior to the expiration of prison terms. Without an instruction on the availability of parole, a jury aware of its availability but uncertain about its effect on a sentence is left to guess at how to set sentence to accommodate it. On the other hand, where the court gives an instruction as it has in this case, a jury may wander "far afield from its proper purpose and prerogative" in fixing punishment.
 
 
 34
 Id. at 237 (citation omitted). Therefore, on the facts of this case in which the instruction did not go to guilt or innocence, we cannot conclude that the jury charge offended fundamental concepts of fairness and denied Thompson due process.
 
 
 35
 Finally, Thompson claims the Tennessee courts denied him due process because they allowed the admission of other bad acts evidence at his trial. This issue has been addressed on the merits by the Tennessee courts. This is solely a state law question concerning an evidentiary ruling in state court. As such, it is not a constitutional claim and is not cognizable in a habeas corpus petition. See Oliphant v. Koehler, 594 F.2d 547, 555 (6th Cir.), cert. denied, 444 U.S. 877 (1979).
 
 
 36
 Therefore, because Thompson's claim of ineffective assistance of counsel is barred in state court and he cannot demonstrate cause, and his other claims are likewise barred or without merit, we conclude that the district court did not err in dismissing Thompson's petition.
 
 C.
 
 37
 Finally, Thompson contends that this is an extraordinary case where multiple violations of his constitutional rights have resulted in the conviction of an innocent man. The Supreme Court held in Murray v. Carrier, 477 U.S. 478, 495 (1984), that "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." In Ewing v. McMackin, 799 F.2d 1143, 1152 (6th Cir.1986), this circuit explained that the innocence referred to in Murray must be "actual" as opposed to "legal" innocence. The Supreme Court further narrowed the exception to the cause and prejudice standard to situations in which the "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 111 S.Ct. at 2565.
 
 
 38
 Thompson has not satisfied this standard. The victim in this case testified that Thompson abducted her at knife point, forced her into his car, and raped her. She further testified that Thompson then took her to his friend's house, and there both men raped her. Thompson maintains that the victim consented. He made a statement to that effect, and that statement was introduced into evidence at his trial. Regardless of whether Thompson had testified at trial, the jury nonetheless was required to make a credibility determination. While Thompson can establish that had he testified, the result of the trial might have been different, he has not demonstrated "actual" innocence. This is not a case where a constitutional error has kept from the fact-finder some critical piece of evidence that would inevitably have proven the petitioner's innocence. We conclude, therefore, that this is not an "extraordinary case" in which an innocent man has been convicted.
 
 
 39
 In sum, because Thompson has failed to establish cause and prejudice for his procedural default and has failed to establish a miscarriage of justice, we conclude that the district court did not err in dismissing his petition.
 
 III.
 
 40
 We AFFIRM the district court's judgment dismissing Thompson's habeas corpus petition.
 
 
 41
 WELLFORD, Senior Circuit Judge, concurring in part and dissenting in part:
 
 
 42
 In addition to the recitation of the lengthy history of the petitioner's efforts to seek habeas corpus relief set out in part I of my brother Ryan's opinion, I would add that Magistrate Judge Brown stated, among other things, in his report on Thompson's petition:
 
 
 43
 The petition [a prior habeas corpus petition] was referred to a magistrate for a report and recommendation. I made a report on August 11, 1980 in which I recommended that the writ be granted for the failure of petitioner's trial attorney to object to and raise the issue of the trial judge's instructing on parole eligibility. I concluded that counsel's advice to petitioner not to testify at the trial despite petitioner's lack of a record was an apparently serious dereliction that required an additional hearing for "further exploration into counsel's reasons for so advising petitioner and further inquiry into his knowledge of petitioner's lack of a prior record ..."
 
 
 44
 * * *
 
 
 45
 The dereliction of counsel in this case in advising the petitioner not to testify affected the reliability of the guilt determination. The petitioner's only defense to the rape charge was that the victim consented. His testimony concerning that matter was obviously critical. As it turns out, there was no impediment to his testifying except for some notion by counsel that he might make an unfavorable impression on the jury. It is not as though a true but illegally extracted confession had been introduced against Mr. Thompson.
 
 
 46
 * * *
 
 
 47
 This is an unfortunate case. The petitioner was denied effective assistance of counsel in the worst way imaginable. The petitioner was advised not to present his only defense to the jury because of a ridiculous notion by a neophyte lawyer that it was best to keep him off the stand because his personality might not make a favorable impression on the jury. Counsel gave him this advice despite the fact that the petitioner had no criminal record. It is difficult for me to imagine a worse case of ineffective assistance of counsel than an attorney telling a rape defendant whose only defense was consent not to testify when that defendant had no criminal record.
 
 
 48
 Joint Appendix ("J/A") 885-86, 892, 894-95 (emphasis added). Despite these observations, which I deem on this record to be fully supported, the magistrate judge recommended, on the purported basis of Coleman v. Thompson, --- U.S. ----, 111 S.Ct. 2546 (1991), that Thompson's petition be denied.
 
 
 49
 The basic question in this case, it seems to me, is whether Thompson's counsel's deficiencies at trial and in his direct appeal (or attempted appeal) from his conviction constituted a Sixth Amendment violation and deprived the petitioner of a fair trial and/or a full and fair review of constitutional dimension.
 
 
 50
 Coleman v. Thompson holds that where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result." Coleman, 111 S.Ct. at 2551 (syllabus). In addition, if the prisoner can "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice" he may obtain relief. Id. See Engle v. Isaac, 456 U.S. 107, 135 (1982). "Attorney error can be 'cause' only if it constitutes ineffective assistance of counsel violative of the Sixth Amendment." Coleman, 111 S.Ct. at 2552. Thus, even though Thompson in this case may be deemed ordinarily to be barred by reason of a state procedural rule from pursuing this claim, he may yet pursue it if he can demonstrate cause and prejudice or fundamental miscarriage of justice. Coleman, 111 S.Ct. at 2565.
 
 
 51
 The Court in Coleman went on to explain, citing Murray v. Carrier, 477 U.S. 478 (1986), that " 'cause' under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributable to him ... [such as] some objective factor external to the defense.... [or] some external impediment." Coleman, 111 S.Ct. at 2566. The attorney error, according to Coleman, must be such that it constitutes a violation of petitioner's right to counsel and "the Sixth Amendment requires that responsibility for the default be imputed to the State." Id. at 2567.
 
 
 52
 To the extent Thompson relies on ineffective assistance of counsel in pursuing his auxiliary post -conviction remedies, he must fail and I concur in the majority opinion to this extent. To the extent, however, Thompson has raised Sixth Amendment ineffective assistance of counsel claims with respect to his state trial and conviction and/or his direct appeal therefore, I do not believe that Thompson is procedurally (or otherwise) precluded.
 
 
 53
 In the district court's order overruling the petitioner's objections to the magistrate judge's report, hereinabove referred to, the court itself made reference to "numerous claims of ineffective assistance of counsel," including actions or inaction at trial, and to a claim of "a fundamental miscarriage of justice" and "denial of due process." Indeed, the petitioner raised these issues, and others, in a prior appeal to this court, which denied relief based on a finding of failure to exhaust state remedies on all the claims asserted by Thompson. The district court held that "petitioner has failed to demonstrate that a failure to review his habeas corpus petition because of the procedural default would result in a fundamental miscarriage of justice." (Emphasis added).
 
 
 54
 I am doubtful that the district court employed the proper standard to review a fundamental miscarriage of justice claim. Did the district judge mean that he did not need to review whether the procedural default resulted in fundamental injustice? The district court must, in light of the state Supreme Court precedent, examine whether the state procedural bar directed denial of habeas corpus relief and whether there was "cause" as defined by the Court, whether there was resulting prejudice by reason of the procedural failure. In summary, I believe the district court must review the ineffective assistance of counsel claim to determine whether it is of constitutional magnitude. I do not believe the district court adequately considered this responsibility as it did not discuss cause and prejudice in its order and in the reasons given for denying relief.
 
 
 55
 Thompson asserts, and has claimed throughout these proceedings, that he was denied effective assistance of counsel at his trial on the rape charge and on his right to an appeal from his conviction.[1] Thompson has maintained that the very ineffectiveness of his counsel precluded his claims at trial bringing about prejudice and also prejudiced his appeal.
 
 
 56
 In its answer to the habeas corpus petition on appeal, the state admitted exhaustion of state remedies and made reference to some 32 documents which addressed his prior court efforts to gain relief. The state affirmed in its answer that Thompson complained of ineffective assistance of counsel at trial and on appeal and stated: "This court must determine if counsel for petitioner failed to provide a proper level of representation based on an objective standard of reasonableness." J/A 111 (citing Strickland v. Washington, 466 U.S. 668 (1984)).
 
 
 57
 Thompson may have failed the Strickland test, but I cannot ascertain that the district court applied that test. Neither am I persuaded that Coleman v. Thompson precludes full consideration by the district court of Thompson's claim of ineffectiveness of counsel of constitutional dimensions based upon cause and prejudice. The district court also did not give the reason for its conclusion that "failure to review" resulted in no "fundamental miscarriage of justice." I would, therefore, reverse and remand for full consideration and discussion of the constitutional issues herein set forth by the district court. I cannot agree that this court should attempt to make the cause and prejudice analysis in the first instance, or that we should require Thompson to prove " 'actual' innocence."
 
 
 
 [1]
 The dissent points out that the district court did not decide whether the lackluster performance of Thompson's counsel at trial and on direct appeal amounted to a denial of the Sixth Amendment guarantee of effective assistance of counsel. The dissent believes ineffective assistance of counsel in that context would constitute "cause" to excuse Thompson's state procedural default. Thompson's procedural default, however, is based on his failure to raise his ineffective assistance of counsel claims in his appeal from the denial of his first post-conviction petition. Thus, even assuming that Thompson was denied effective assistance of counsel at trial and on direct appeal, that misfortune cannot excuse the procedural default in this case
 
 
 [1]
 In this habeas corpus petition, Thompson states: "Appellant was entitled to equally competent counsel in his trial and on appeal," J/A 57, and he averred numerous trial errors and to errors in respect to appeal, including reference to his resulting "prejudice," J/A 48, et seq., as well as to denial of "effective assistance of counsel in violation of the Sixth and Fourteenth Amendments." J/A 50