JAMES JOHNSON *v.* STATE OF ARKANSAS

CR 73-23                              493 S.W. 2d 115

Opinion delivered April 23, 1973

*Victor Hlavinka,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Deputy Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant was found guilty of burglary and grand larceny and was sentenced to four years imprisonment upon each charge, the sentences to run consecutively. Three points for reversal are submitted by his court-appointed counsel.

First, the sufficiency of the evidence is questioned, but we find no merit in this contention. On the night of June 17, 1972, a burglar alarm went off at the Texarkana police station, indicating the presence of an intruder at the Oklahoma Tire & Supply Company store, which was closed for the night. In response to a call from the police the manager of the store met the officers there. A search of the premises showed that someone had entered the building by breaking a window that gave access to the attic from the roof. On the ground floor a glass gun-cabinet had been broken into. A .38 caliber revolver was missing, plus ammunition.

Upon searching the roof the officers found the appellant, who was trying to hide. Just before his apprehension the appellant threw down a revolver, which was positively identified by its serial number as the missing weapon. The manager testified that two days earlier the appellant had been in the store, inquiring about buying one of the firearms in the cabinet. The jury was certainly justified in finding from the testimony that the appellant broke into the store and stole the revolver.

Secondly, the appellant argues that the trial court improperly singled out one fact and improperly commented upon the evidence, by instructing the jury that possession of recently stolen property is a circumstance that the jury may consider along with all the other facts and circumstances in determining whether the person in possession of the property stole it. We find no error. Our cases have considered two methods of instructing the jury upon this point, one good and the other bad. The distinction is clear:

"On the one hand, it is permissible for the court to

instruct the jury that a certain fact, such as the possession of recently stolen goods, goes to the jury for its consideration in connection with the other evidence as tending to show the guilt of the accused. . . . On the other hand, it is clearly improper for the court to tell the jury that a specific fact in evidence is sufficient to support an inference of guilt, negligence, or the like." *Thiel* v. *Dove*, 229 Ark. 601, 317 S.W. 2d 121 (1958).

Here the trial court's instruction was in the approved form.

Thirdly, the appellant complains about the State's closing argument to the jury, in that the prosecuting attorney suggested that the defendant's plea of not guilty, in view of the evidence, was such an insult to the jurors' intelligence as to warrant their doubling the punishment. The trial judge, in our opinion, properly denied defense counsel's motion for a mistrial. "An award of a mistrial is a step so drastic as to be the exception rather than the rule as a means of correcting an error. For such a step to be warranted it must be apparent that justice cannot be served by a continuation of the trial." *Back* v. *Duncan*, 246 Ark. 494, 438 S.W. 2d 690 (1969). We cannot say that the prosecutor's argument was so prejudicial as to be beyond correction. The court promptly admonished the jury that every person charged with an offense has the right to a trial. No further admonition was requested by counsel. Furthermore, the court had already told the jury, in the language of AMI 101 (Civil), that the attorneys' arguments are not evidence and should be disregarded if they have no basis in the evidence. We conclude that no prejudicial error is shown.

Affirmed.