Earnest Lee COMBS *v.* STATE of Arkansas

CR 80-104                                        606 S.W. 2d 61

Supreme Court of Arkansas
Opinion delivered September 29, 1980
Rehearing denied November 3, 1980

E. *Alvin Schay*, State Appellate Defender, by: *Deborah Davies Cross*, Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Mary Davies Scott*, Asst. Atty. Gen., for appellee.

JOHN F. STROUD, Justice. Appellant was convicted by a jury of being a felon in possession of a firearm and sentenced to five years' imprisonment. He appeals, alleging that the trial court should have granted a mistrial due to the prosecutor's misconduct, should have excluded proof of the nature of his prior felony, and should have suppressed the firearm from introduction into evidence. We find no reversible error and affirm the conviction.

On March 29, 1979, two officers of the North Little Rock Police Department in separate cars went to a motel in response to a call that a woman was being held at gun point in room 25. They arrived at the motel simultaneously, saw three persons standing just outside of room 25, and overheard them arguing. As the officers approached, the three went into the room just as a female said, "Let me go. Let me go." When the officers entered the open door without a search warrant, two women and a female impersonator ran past them out of the room. The officers then sought to check the identification of the three men who remained. When appellant was asked for identification, he told the officer it was on the chest of drawers and that he could get it himself. As the officer turned his back on appellant while walking toward the chest, appellant started to move his hand toward his pocket. The other officer had moved behind appellant, saw a pistol in appellant's pocket and was able to grab appellant's hand and disarm him. The officer who seized the loaded pistol had recognized appellant and knew that he had previously been convicted of murder. Appellant and the other two men were promptly placed under arrest. At the pretrial hearing,

appellant moved to suppress the gun from introduction into evidence on the grounds that it had been unlawfully seized and moved *in limine* to prevent the State from proving the specific felony he had previously committed, but both motions were denied. Following his conviction on October 5, 1979, of being a felon in possession of a firearm, appellant brings this appeal urging three points for reversal.

Appellant first contends that the trial court erred in denying his motion for a mistrial due to the repeated misconduct of Deputy Prosecutor William Crowe during the trial. Appellant recites a number of Mr. Crowe's statements and questions as evidence of his persistent misconduct; however, almost half of the comments occurred at the pretrial hearing rather than at the trial. No prejudice could have resulted from comments made out of the presence of the jury.

Of the incidents complained of by appellant that occurred in the presence of the jury, we find only the following remarks of Mr. Crowe, made during closing argument, to have been of significant impropriety:

> ... and what drew his attention? That the defendant was going for the gun. He was making a move for the gun. And the officers didn't even have their guns out.
>
> . . .
>
> What it all boils down to is this: But for the grace of God and the quick thinking and reaction of Jeral Howard, you might be considering here today two counts of capital felony murder against this man.

Defense counsel promptly objected to both of these remarks. The trial court overruled the first objection and said that Mr. Crowe's statement was only argument and not an element of the offense charged, but the court sustained the second objection and admonished Mr. Crowe, "That's your speculation and that's not evidence in this case. Just argue the facts in this case." The trial court had, as a part of its standard instructions, previously instructed the jury that the arguments of counsel were not evidence and any statements

made by counsel having no basis in the evidence should be disregarded. After the closing arguments were completed and the jury had retired to deliberate, defense counsel moved for a mistrial on the grounds that the appellant had been prejudiced by the remarks of Mr. Crowe made during his closing argument. The trial court denied the motion, ruling that it was untimely and that any prejudicial effect of the remarks had been removed by the admonition to Mr. Crowe and the court's instruction that the jury disregard any argument of counsel having no basis in the evidence. A mistrial is an extreme remedy which should be granted only where the error is so prejudicial that justice cannot be served by a continuation of the trial. *Spillers* v. *State*, 268 Ark. 217, 595 S.W. 2d 650 (1980); *Johnson* v. *State*, 254 Ark. 293, 495 S.W. 2d 115 (1973). We agree with the trial court that appellant's motion for mistrial was not timely and that the admonitions cured any prejudice; however, some of the comments and trial tactics of Mr. Crowe border on overzealous prosecution, which we do not condone.

Appellant next contends the trial court erred in refusing to grant his motion *in limine* to exclude evidence of the nature of his prior felony conviction. Ark. Stat. Ann. § 41-3103 (Repl. 1977) provides, in part:

(1) No person who has been
  (a) convicted of a felony; . . . shall possess or own any firearm.

When it became apparent at pretrial hearing that the State planned at trial to introduce into evidence a certified copy of the judgment of conviction of appellant for second degree murder, appellant sought to have that portion of the judgment deleted that indicated the specific felony he had previously committed. He contended that the jury need only know that he had committed a felony, and that the specific nature of the crime was irrelevant; he now adds, in view of having received the maximum five year sentence, that its introduction was obviously prejudicial.

The conviction of a prior felony is one of the elements of the offense charged, and the prosecuting attorney certainly

has the right, and for that matter the duty, to attempt to prove every element of the offense. Additionally, the nature of the prior felony and the facts here surrounding the incident leading to appellant's arrest do reflect on the seriousness of the crime and are relevant in the determination of sentence. If these factors were not meant to be considered in sentencing, the General Assembly could have provided for imprisonment for a definite term upon conviction of a felon in possession of a firearm rather than allowing the jury to impose any sentence not in excess of five years. Ark. Stat. Ann. § 41-901(d) (Repl. 1977). Accordingly, we hold it was not error for the trial court to refuse to grant appellant's motion *in limine* to exclude evidence of the nature of appellant's prior felony conviction.

Appellant's final point for reversal is that the trial court erred in not granting his motion to suppress the weapon from introduction into evidence due to its unlawful seizure by the police officers. Appellant contends the motel room was his residence and, as such, was a private place subject to the general requirement of a search warrant in the absence of exigent circumstances. Appellee contends, citing *Warden* v. *Hayden*, 387 U.S. 294, 299, 87 S. Ct. 1642, 18 L. Ed. 2d 782 (1967), that even if appellant was due the same privacy in a motel room as in a home, a warrantless entry of a dwelling would not be violative of the Fourth Amendment where the circumstances were such that "the exigencies of the situation made that course imperative," and "where delay in the course of an investigation would endanger the officers' lives or the lives of others." We agree with appellee. The police officers were responding to a call that a woman was being held at the motel by a man with a gun. When they arrived, they saw a woman and two men standing outside the room in question, engaged in what appeared to be an argument. When the three men saw the officers, they went into the motel room. As the officers approached the motel room, they heard a woman saying, "Let me go. Let me go." All of these factors were corroborative of the information given to the police in the initial call for assistance. The officers entered the room through the open door and proceeded to investigate the situation. It was at this point the gun was seized from appellant. The actual seizure of the weapon is readily justified as

necessary to prevent the assault of a police officer or as proper pursuant to Rule 3.4 which allows a search for weapons without an arrest or search warrant when the officer "reasonably suspects that the person is armed and presently dangerous to the officer or others." There are rarely clearer circumstances for the immediate search and seizure of a weapon than when an officer actually sees the weapon in the pocket of a person he knows to be a convicted felon.

The only real question is whether the officers were lawfully present in the motel room inasmuch as they did not have an arrest or search warrant. Pursuant to *Warden* v. *Hayden*, supra, we find that the exigencies of the situation at the time of the officers' entry into the room excused the warrant requirement of the Fourth Amendment. Rule 14.3(a) of the Arkansas Rules of Criminal Procedure provides that an officer may enter premises without a search warrant if he has reasonable cause to believe that there are individuals therein "in imminent danger of death or serious bodily harm." It was clearly reasonable for the officers at the time they entered the motel room to believe that there was a great risk of serious bodily harm to someone in that room.

The dissenting opinion engages in hindsight by saying that once the three women left the room, no one else remained in the room in danger of harm. In the first place, the record reflects that the women left the room when the officers entered and not before they entered. In the second place, the officers had no way of knowing how many women were held in the room until they did enter. It would be utterly ridiculous and the worst police work imaginable to suggest that the officers should have exited the room without any investigation immediately behind the three women upon noting that no other women remained in the room. The dissent also indicates that this opinion holds that a hotel room is a public place. This opinion does not make that holding and, in fact, never reaches that question inasmuch as the exigencies of the situation justify the entrance in either event. Accordingly, the judgment of the trial court is affirmed.

Affirmed.

Purtle, J., dissents.

John I. Purtle, Justice, dissenting. I respectfully dissent from the majority in this case.

I will first discuss the failure of the trial court to suppress the evidence, i.e., the handgun. Admittedly, the officers' went into a privately rented motel room without a search warrant or an invitation. The officers were of the same opinion as the trial court when the court stated:

> The intrusion at this point was harmless. There was a disturbance of some kind. The door was open. It was a public place.

It appears the officers, the trial court, and my brothers here feel a hotel room is a public place. I absolutely disagree. Many people are going to be shocked to learn that an officer may wander into their motel or hotel rooms as long as the door is open. We have never held this to be so, and no case has been cited which so holds. In my opinion, a person has the same right of privacy in a hotel room as he has in his home in the country. Under this theory, if people were creating a disturbance in my yard and I opened the door to see what was happening, the officers would be authorized to enter my home and seize anything they deemed appropriate.

The United States Supreme Court clearly stated in *Stoner* v. *Calif.*, 376 U.S. 483 (1964), that the occupant of the hotel room was entitled to the same constitutional protection against searches and seizures as are tenants of a house or boarding house. See also *Johnson* v. *United States*, 333 U.S. 10; and *McDonald* v. *United States*, 335 U.S. 451.

The majority tacitly admits the validity of the above statement, although not directly, but seeks to evade it by arguing this was an exception to the rule. Rules of Criminal Procedure, Rule 14.3(a), is the vehicle the majority has seized to bypass what I believe to be a constitutional right of the appellant. This rule states:

> An officer who has reasonable cause to believe that

premises or a vehicle contain:

(a) individuals in imminent danger of death or serious bodily harm; or

(b) things imminently likely to burn, explode, or otherwise cause death, seious bodily harm, or substantial destruction of property; or

(c) things subject to seizure which will cause or be used to cause death or serious bodily harm if their seizure is delayed;

may, without a search warrant, enter and search such premises and vehicles, and the person therein, to the extent reasonably necessary for the prevention of such death, bodily harm, or destruction.

The facts of this case clearly reveal there was no one in imminent danger of harm. The officers never testified that they had even a suspicion that anyone there was in danger at the time. Three of the people had departed, and the three remaining were at most arguing among themselves inside the motel room. It seems the persons who are said by the majority to have been in danger were the officers, after they had made the unauthorized entry into a privately rented room. The women left when the officers entered the room. Obviously, they were not in danger of harm. No one else is alleged to have been threatened or in danger. The appellant was one of the people who was a guest in the room. I do not believe the facts of this case come close to creating exigent circumstances which would allow a warrantless search into this private room.

Since the trial court was under the erroneous impression Room 25 was a public place, its ruling may well have been to suppress had it been the opinion the room was entitled to the sanctity of a home, which I believe is clearly the law. This was not a situation where an officer had the right ot bring Rules of Criminal Procedure, Rule 12, into action. Rule 10.1(a) defines a search as an intrusion under color of authority of an individual's person, property or privacy. This is exactly what the facts of this case reveal. Such search was

clearly prohibited by the Constitutions of Arkansas and the United States.

We treated a somewhat similar search of a person's motel room in *Haynes* v. *State*, 269 Ark. 506, 602 S.W. 2d 599 (1980). In *Haynes* we suppressed the evidence when the officers walked into a defendant's room and seized it without a warrant. S. Ct. 1371 (1980); and *Riddick* v. *New York*, 445 U.S. ___, 100 S. Ct. 1371 (1980), where it was stated:

> It is a "basic principle of the Fourth Amendment law" that searches and seizures inside a home without a warrant are presumptively unreasonable. Yet it is also well-settled that objects such as weapons or contraband found in a public place may be seized by the police without a warrant. The seizure of property in plain view involves no invasion of privacy and is presumptively reasonable, assuming that there is probable cause to associate the property with criminal activity. The distinction between a warrantless seizure in an open area and such a seizure on private premises was plainly stated in *G. M. Leasing Corp.* v. *United States*, 429 U.S. 338, 354, 50 L. Ed. 2d 530, 97 S. Ct. 619: \*\*\*

Therefore, the entry into Room 25 of the motel was illegal, and the evidence should have been suppressed.

So far as the actual seizure of the weapon is concerned, Officer Howard stated:

> — He had a shirt on and I observed the grips sticking out and I grabbed for it. When I did, that's when he grabbed for it too. I touched it first and then he had his hand on it. He put his hand on it.

The officer further testified the weapon was fully loaded and ready to fire. The charge was a felon in possession of a firearm. It was not necessary to prove more. He did not recognize the appellant until he entered the motel room. Officer Howard somewhat unresponsively stated he knew the appellant had been convicted of murder. He had been con-

victed of second degree murder, a somewhat lesser offense. It was not a proper statement and should have been corrected on the spot by the trial court.

I will not mention several other instances where the prosecutors or the officers added prejudicial information to answers or questions which had already been properly answered. I must add a statement from the state's closing argument which I feel was grounds for a mistrial. After stating appellant was going for his gun, a statement I do not believe is supported by the record, Mr. Crowe stated:

> What it all boils down to is this: But for the grace of God and the quick thinking and reactions of Jeral Howard, you might be considering here today two counts of capital felony murders against this man.

There was no evidence in the record to support such statement, and it could only serve to inflame the minds of the jury. It left the impression the appellant intended to murder two officers in the performance of their duty. Although the court ruled the remark out of order upon appellant's objection, the damage had been done. A belated motion for a mistrial was made and overruled. I think the court correctly summarized the state's conduct when it stated:

> However, I think, Mr. Crowe, you knew or should have known that that was improper argument and I consider that you did it calculatedly. And also that you guesstimated that the worst thing that the court would do would be to admonish you not to do it anymore and instruct the jury to disregard it. If you did it deliberately, don't do it anymore.

Obviously, the prosecuting attorney correctly predicted the court would slap his hands and let it go. The trial court was put in a very awkward position by the state. No matter how much it embarrassed the other parties, the appellant is serving time now. Although it might be of little or no lasting benefit to appellant, I would reverse and remand for a new trial.