Carlos Reed BRANHAM *v.* STATE of Arkansas

CR 81-63                                    623 S.W. 2d 1

Supreme Court of Arkansas
Opinion delivered October 19, 1981
[Rehearing denied November 23, 1982.]

110

*Gibbs & Hickam, P.A.,* by: *D. Scott Hickam,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. On September 13, 1980, the appellant shot and killed Bill Allen and shot and so wounded Dickie Walker that Walker was permanently blinded. The crimes occurred at Donaldson in Hot Spring county, but after a change of venue the case was tried in Saline county. The jury found Branham guilty of the four felonies charged and sentenced him to serve 40 years for first-degree murder, 20 years for first-degree battery, 5 years for possession of a firearm by a felon, and 2 years for theft of property. The judge directed that the sentences be served consecutively. Various assignments of error are argued.

The crimes took place after midnight at a service station in Donaldson, where youths in their teens and early twenties were in the habit of drinking together. At such a gathering that night several youths had been drinking whiskey and beer. The evidence justified the jury in finding that a scuffle involving a knife took place between Walker and Branham. Branham ran away, with Walker shouting that he would beat the hell out of Branham if he ever caught him. Branham actually went home, got a shotgun belonging to his uncle, and over his uncle's protest returned to the service station. There, with little or no provocation, he began shooting, killing Allen and seriously wounding Walker by a total of

three shots fired at close range. No one else in the group appears to have been armed with anything more dangerous than a pocket knife when Branham returned.

There is no merit in the arguments that the trial judge should have directed a verdict of not guilty on the charges of first-degree murder and first-degree battery and should have submitted an instruction on the lesser offense of second-degree battery. It was for the jury to say whether Branham acted with premeditation and deliberation in returning to the scene with a shotgun and killing Allen. There was no rational basis for a finding that Branham intended to cause merely physical injury rather than serious physical injury when he shot Walker in the face with a shotgun at close range; so the court properly submitted the offense of first-degree battery and refused to submit second-degree battery. AMI Criminal, AMCI 1601 and 1602 (1979). It is enough to say that counsel's detailed arguments on these questions were proper matters for presentation to the jury, but they do not call for a reversal on appeal.

The felony charge of theft of property worth more than $100 was based upon Branham's having finally left the scene in a vehicle belonging to someone else. The State, without regard to the issue of Branham's felonious intent, concedes that there is no proof of the vehicle's value; so the felony conviction cannot be sustained. *Rogers* v. *State*, 248 Ark. 696, 453 S.W. 2d 393 (1970). We are asked to reduce the judgment to the misdemeanor of unauthorized use of another's vehicle. Ark. Stat. Ann. § 41-2208 (Repl. 1977). A class A misdemeanor, however, carries no minimum sentence of confinement, § 41-901, and in any event it would be pointless to impose a jail sentence after penitentiary sentences totaling 65 years. We reverse this part of the judgment and dismiss the charge.

The prosecution called the defendant's uncle as a witness, apparently to show that Branham had said before going back to the service station that he was going to kill somebody, but the witness did not remember such a state-

ment. At the close of the witness's testimony the State acquiesced in a defense motion that all that testimony be disregarded by the jury. Upon the court's granting that motion the defense further moved for a mistrial on the ground of prosecutorial abuse in that the prosecutor had put the witness on the stand with no intention of eliciting helpful evidence. No abuse of discretion is shown in the court's denial of a mistrial. The trial judge was manifestly in a better position than we are to determine whether the prosecutor acted in good faith and whether justice could not be served by a continuation of the trial. *Johnson* v. *State*, 254 Ark. 293, 493 S.W. 2d 115 (1973).

Finally, it is argued that the court should have granted a continuance on the day of trial. Counsel concede that the granting of continuances is primarily within the discretion of the trial court and that an appellant has the burden of proving a clear abuse of that discretion. *Freeman* v. *State*, 258 Ark. 496, 527 S.W. 2d 623 (1975). Defense counsel had been appointed about three months before the trial on December 29, 1980. On December 22 the court considered counsel's various grounds for a continuance and denied the motion. At that time counsel stated that he did not anticipate any further motions for continuance. The motion was actually renewed on the morning of the trial, primarily on the ground that Branham's mental capacity had not been thoroughly explored. That ground, however, had been considered and rejected by the court only a week earlier, after the introduction of expert testimony. There is in fact no substantial indication in the record that Branham suffered from a mental disease or defect within the provisions of the statute, § 41-601, or that he lacked the necessary fitness to stand trial. § 41-603. We find no abuse of discretion in the denial of the continuance.

Affirmed in part, reversed in part.