Michael Earl ABRAHAM *v.* STATE of Arkansas

CR 81-90                                   625 S.W. 2d 518

Supreme Court of Arkansas
Opinion delivered December 21, 1981

*William R. Simpson, Jr.*, Public Defender, by: *Deborah R. Sallings,* Deputy Public Defender, for appellant.

*Steve Clark*, Atty. Gen. by: *Matthew Wood Fleming,* Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. Appellant was convicted of aggravated robbery and because of six previous felonies his sentence was enhanced to life imprisonment and a fine of $15,000.00. He argues on appeal that the trial court erred in refusing to grant defense motions for a mistrial because of remarks during the State's closing argument. We find no abuse of discretion.

The State's case rested largely on the testimony of two clerks who were working in a pharmacy where the robbery occurred. They said appellant and another man came into the store with pistols demanding money and drugs. The guns were pointed "more or less" toward the clerks, who were told they would not be hurt if they followed instructions, otherwise, "there would be a killing."

During the guilt phase of the trial the prosecutor told the jury (T. 184):

But I'll submit to you . . . there is no doubt in those ladies' minds that Michael Abraham is one of the men who was pointing the guns at them and threatening their lives on this particular day. I'll submit to you that if anybody points a gun at you and makes you deathly

afraid and is with you for a period of time from 5 to 15 minutes and you not knowing whether you're going to live or die. You don't know whether—you know they are robbing. You know they are desperate individuals or they wouldn't be involved in an aggravated robbery at that time. You know they have weapons and the capability of taking your life. . . .

Defense counsel moved immediately for a mistrial. Apparently, no ruling was made and the prosecutor continued (T. 185):

Now I'll submit to you it's fortunate, very fortunate, that our witnesses are here today to testify . . . I have no idea what he intended to do with the drugs when they got there.

Counsel again moved for a mistrial and again there was no ruling. The motion was renewed a few moments later when the prosecutor stated that the appellant was guilty of "a terrible crime which could have been more terrible." The trial judge denied the motion but indicated his readiness to admonish the jury to disregard the remarks, which defense counsel declined. The trial judge observed that there was testimony that the appellant took drugs and money, that he had a pistol and had threatened to kill the witnesses if they did not comply.

In light of the testimony the argument did not exceed permissible limits. Some leeway must be given in opening and closing remarks and counsel are free to argue every plausible inference which can be drawn from the testimony. *McCroskey* v. *State*, 271 Ark. 207, 608 S.W. 2d 7 (1980). The jury is not unaware of the difference between argument and fact and is usually instructed that opening statements and closing arguments are not to be regarded as evidence. We believe those instructions and admonitions generally suffice, except where the comments are patently inflammatory and prejudicial, or where improper tactics are so repetitious that fairness is overcome. The remarks in this case are not of that stripe.

Appellant cites *Combs* v. *State*, 270 Ark. 496, 606 S.W. 2d 61 (1980), where similar remarks were said to be inflammatory and prejudicial, although cured by a specific admonition of the trial judge. But the similarity is only superficial. Combs was charged with possession of a firearm by a felon. In closing argument the prosecutor told the jury that "[b]ut for the grace of God and the quick thinking of [Officer Howard] you might be considering today two counts of capital felony murder against this man." These comments were labeled a "significant impropriety" by Justice Stroud, writing in *Combs*. But the distinction lies in the evidence, because the only testimony was that Combs, who was armed, "started to move toward his pocket" but was prevented from doing so by Officer Howard. Hence, it was improper to argue that Combs might have committed two capital felony murders, the inference being too conjectural. But here the appellant's weapon was in his hand and pointed toward the witnesses, who were told they would be killed if they disobeyed. The prosecutor's remarks were not an unreasonable inference in the light of their testimony. Furthermore, in *Combs* we held the prejudicial effect of the comments was cured by the trial court's admonition to the jury to disregard them and that same admonition was available to the appellant in this case. One cannot, as a general rule, seek a reversal in reliance on the absence of an admonition where he either fails to make a request or rejects the trial judge's offer to give one.

It is also urged that the court should have granted appellant's motion for a mistrial during the penalty phase of the trial. Referring to appellant's sixty years of prison sentences since 1971, the prosecutor said, "and apparently since he's out, has done all right, been paroled. . . ."

Appellant relies on *Andrews* v. *State*, 251 Ark. 279, 472 S.W. 2d 86 (1971), where we said that trial judges should refrain from explaining parole laws to juries. But for many years our law permitted the practice (see *Glover* v. *State*, 211 Ark. 1002, 204 S.W. 2d 373 (1947), and *Pendleton* v. *State*, 211 Ark. 1054, 204 S.W. 2d 559 (1947) and, hence, there can be nothing prejudicial in the mere mention of parole, which is all we find to have occurred in this case. Besides, from the

evidence already before it the jury could easily have concluded that appellant was on parole. Certainly there was nothing so prejudicial as to require a mistrial, which has been repeatedly said to be a drastic remedy to be resorted to only when the prejudice is so obvious that it cannot be cured. *Gammel & Spann* v. *State,* 259 Ark. 96, 531 S.W. 2d 474 (1976), and *Johnson* v. *State,* 254 Ark. 293, 493 S.W. 2d 115 (1973). We find no prejudicial error in the record.

The judgment is affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I believe the remarks of the prosecuting attorney set out in the majority opinion are clearly prejudicial. It is exactly the same as the "Golden Rule" argument which we hold to be prejudicial in civil cases. The prosecutor's statement told each juror to consider the facts from the view that they had a gun pointed at them by desperate individuals who might kill them. This certainly is improper, in my opinion.

The statement concerning parole was likewise prejudicial. The exact statement was:

> Now, these convictions range over a period of time since 1971. This being 1981, it's ten years. Over a ten year period, Michael Abraham, if you put all of these sentences together, 38, 48, 58, actually has been sentenced to over sixty years imprisonment. And, apparently, since he's out, has done all right, been paroled.

The above statement was not true according to the court's response to the objection to the prosecutor's remark:

> There's an argument here that he's out and we know that's not so. But it would probably have been prejudicial to raise it then if you want to tell him that he's in the penitentiary on this 38 years.

The parole possibility was mentioned in *Andrews* v.

*State*, 251 Ark. 279, 472 S.W. 2d 86 (1971), and there we stated:

> ... we have concluded that this information should not be given the jury, and when asked for such information, the court should reply, in effect, that it is improper for the court to answer the inquiry, and an answer might well constitute reversible error; that the jury need not concern itself with the matter; that the control of the parole system is committed by law to the legislative and executive branches of the government. . . .

After the prosecutor made the untrue remarks about appellant being on parole, the defense counsel had to choose between telling the jury that his client was still in the penitentiary or allowing the remark to stand with the jury being under the false impression that he was on parole.