Glenda Faye ROACH *v.* STATE of Arkansas

CA CR 89-140                                   783 S.W.2d 376

Court of Appeals of Arkansas
En Banc
Opinion delivered February 7, 1990
[Rehearing denied March 14, 1990.]

*Morris & Hodge*, by: *Henry C. Morris*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was convicted by a jury of driving while intoxicated, fourth offense, a felony in violation of Ark. Code Ann. § 5-65-103 (1987), and she was sentenced to one year in the Arkansas Department of Correction. On appeal, the appellant argues that the trial court erred in refusing to grant her motion for a directed verdict because the evidence was insufficient to support her conviction. We agree that the evidence is insufficient to support the verdict and we reverse and dismiss.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. In determining the issue of sufficiency of the evidence, we view the evidence in the light most favorable to the appellee, and the judgment must be affirmed if there is substantial evidence to support the finding of the trier of fact. *Deshazier* v. *State*, 26 Ark. App. 193, 761 S.W.2d 952 (1989). A person commits the offense of driving while intoxicated if he operates or is in physical control of a motor vehicle while intoxicated. Ark. Code Ann. § 5-65-103(a) (1987).

The record reveals that John Watson, an Arkansas State Police Trooper, was checking a report he received about stolen jewelry in the City of Nashville. He was accompanied by Nashville Police Officer Larry Yates. While in the car they heard tires squealing and as they approached the intersection of Fourth and Bishop Streets in Nashville, they saw the appellant in her car on the shoulder of the road. Trooper Watson testified that there were black skid marks on the road and that the appellant was sitting in the car "with the motor revved." The officers approached the car and removed the appellant from it. Trooper Watson testified that the appellant was unsteady on her feet, her speech was slurred, and she was in an emotional state, "bawling all the time." He also stated that there was no odor of alcohol, but

that the appellant appeared to be intoxicated and he took her to the police station. She had two bottles of prescription pills in her possession, which appeared to have been filled the previous day. According to the trooper's testimony, one of the bottles was almost empty and the other bottle was half full. Trooper Watson testified that he did not recall what kind of pills were in the prescription bottle and that, prior to trial, he had called a pharmacist, but that he did not recall what the pharmacist told him. No other evidence was introduced concerning the contents of the bottles or the label on the bottles of pills and neither the bottles nor the pills were introduced into evidence.

Officer Yates testified that the appellant seemed to be "under the influence of something," and that she was nervous, jittery, and so unstable on her feet she had to lean against the car and be escorted to the police car. He also stated that no field sobriety tests were performed and that she was not requested to provide either a blood or urine sample.

At the close of the State's case, the appellant moved for a directed verdict, arguing that the State had not shown that the appellant was intoxicated from the ingestion of either alcohol or a controlled substance. The trial court denied the motion, submitted the case to the jury, and the appellant was found guilty. While the jury was deliberating the issue of punishment, the appellant again asked the judge to enter an order of acquittal based on the fact that there was no evidence that the appellant had taken the pills or that the pills were a controlled substance. After the jury announced the one year sentence, the appellant again requested that the verdict be set aside. After a lengthy discussion with the attorneys, the trial court indicated that it was not going to set aside the verdict but it did request briefs on the issue. At the subsequent sentencing hearing, the trial court refused to set aside the verdict.

■ The State argues that the appellant has not preserved the issue for appeal because she did not obtain a ruling on her motions for directed verdicts. We find no merit to the State's argument; the trial judge clearly ruled against the appellant's timely motions. We do not find a waiver of an alleged error merely because the trial judge delayed his ruling in order to have briefs submitted.

122

We concur with the appellant's argument that the evidence is insufficient to support the verdict. The affidavit for the arrest warrant states that the appellant "was intoxicated by drugs." The State stipulated that alcohol was not involved and the jury instructions only referred to intoxication by alcohol or controlled substances. Furthermore, the jury verdict specifically stated that it found the appellant guilty of "Driving While Under the Influence of A Controlled Substance." A controlled substance is a drug, substance, or its immediate precursor listed in Schedules I through VI of the Controlled Substances List promulgated by the Board of Health. Ark. Code Ann. § 5-65-102(2) (Supp. 1989).

█ To convict the appellant of driving while intoxicated the State had to prove: 1) that the appellant was driving or in actual physical control of a motor vehicle, *Roberts* v. *State*, 287 Ark. 451, 701 S.W.2d 111 (1985); 2) that the appellant's driving skills were sufficiently impaired to create a substantial danger to herself and others, *Oliver* v. *State*, 284 Ark. 413, 682 S.W.2d 745 (1985), and; 3) that the impaired driving skills were the result of the ingestion of a controlled substance. *See* Ark. Code Ann. § 5-65-102(1) (Supp. 1989). In the present case the proof may be fairly said to show that: 1) the appellant operated or was in control of a motor vehicle; 2) that she was physically impaired; 3) that her reactions, motor skills and judgment were altered and that she constituted a danger to herself and other persons. We also think it fair to say that the jury could conclude, without resort to speculation or conjecture, that the appellant took some of the pills. However, the State has not shown that the pills in the prescription bottles contained a controlled substance. In its brief the State asserts that there was evidence that the appellant admitted that she had ingested some of the pills. We have carefully reviewed the record, and although the prosecutor argued to the judge during the trial that the appellant ingested the pills in a statement given to the officers, her statement was not offered into evidence, she did not testify, and the police officers did not testify that the appellant made such an admission. There is no direct evidence that she ever took any of the pills outside of the remarks of the prosecutor and arguments advanced by counsel in the course of trial are not evidence. *See Combs* v. *State*, 270 Ark. 496, 606 S.W.2d 61 (1980); AMCI 101(e).

█ The prosecution bears the burden of proving, beyond

a reasonable doubt, every element of the crime charged. *Varnedare* v. *State*, 264 Ark. 596, 573 S.W.2d 57 (1978). The jury concluded that the appellant was intoxicated by a controlled substance; however, because there is no evidence whatsoever that the pills were a controlled substance, the jury was left to speculation and conjecture.

Reversed and Dismissed.

ROGERS, J., dissents.

JUDITH ROGERS, Judge, dissenting. I can agree with the majority that there was no direct evidence introduced conclusively showing that the pills were, positively, a controlled substance. However, I differ with the majority's conclusion that, absent such direct proof, there was no substantial evidence to sustain the jury's verdict. Based on the evidence as a whole, I believe that a question of fact was raised for the jury to determine, and that there was sufficient circumstantial evidence from which this fact could reasonably be inferred. While it is true that the prosecution bears the burden of proving every element of the offense beyond a reasonable doubt, it has never been a requirement that each element must be established by direct proof.

Guilt need not always be proven by direct evidence. *Booth* v. *State*, 26 Ark. App. 115, 761 S.W.2d 607 (1989). Even circumstantial evidence may be sufficient to sustain a conviction as it may constitute substantial evidence, and whether the circumstantial evidence excludes every other reasonable hypothesis is for the fact-finder to determine. *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988). The fact that some evidence may be circumstantial does not render it insubstantial — the law makes no distinction between direct evidence of a fact and evidence of circumstances from which a fact can be inferred. *Wilson* v. *State*, 277 Ark. 43, 639 S.W.2d 45 (1982). The jury is permitted to draw any reasonable inference from circumstantial evidence to the same extent that it can from direct evidence. *Payne* v. *State*, 21 Ark. App. 243, 731 S.W.2d 235 (1987).

Here, there was testimony that the pill bottles were mostly empty, although both prescriptions had been filled just the previous day. There was further testimony adduced concerning the appellant's behavior, revealing that her speech was slurred,

she had to be assisted in walking, she was hysterical, and that no sobriety tests were administered because the officers felt she was in no condition to perform them. Based on this evidence, the majority has concluded that the evidence was sufficient to show that she was physically impaired, and that her reactions, motor skills and judgment were altered such that she constituted a danger to herself and other persons. Further, the majority seems to agree that the evidence supports a finding that the appellant ingested the pills contained in the bottles. Based on these very facts, I do not think that her behavior was so wholly unexplained that the jury was left to speculation and conjecture when determining her guilt or innocence. A directed verdict is proper only when no fact issue exists, and on appeal we view the evidence in the light most favorable to the appellee, and the case is affirmed if there is substantial evidence to support the jury's verdict. *Wilson* v. *State*, 10 Ark. App. 176, 662 S.W.2d 204 (1983). In my view, the circumstantial evidence in this case undoubtedly raised a question of fact for the jury to determine, and would, in turn, constitute substantial evidence to support the verdict. Although I am not suggesting that the state not be held to its burden of proof, it cannot be said that the evidence, albeit circumstantial, was insufficient as a matter of law.