**James WILSON, a/k/a Timothy Coombs, Petitioner,**

v.

**Larry NORRIS, Director, Arkansas Department of Correction, Respondent.**

No. PB–C–92–595.

United States District Court, E.D. Arkansas, Pine Bluff Division.

Feb. 28, 1994.

Jeffrey M. Rosenzweig, John I. Purtle, and James Wilson, for plaintiff/petitioner.

Pamela Rumpz, for defendant/respondent.

### ORDER

ROY, District Judge.

Now before the Court are the Proposed Findings and Recommendations of the Hon. Henry L. Jones, Jr., United States Magistrate Judge, relating to Mr. Wilson's petition for a Writ of Habeas Corpus. The Court has duly considered his findings, the subsequently filed briefs of the opposing parties, and all of the evidence in the record, and hereby adopts his recommendation.

Normally, this Court does not comment when adopting a magistrate judge's findings. However, due to the unusual nature of this case, the Court wishes to do so.

The plaintiff was convicted in Arkansas state court of being a felon in possession of a firearm, a violation of Ark.Code Ann. § 5–73–103. Of course, one can not be guilty of said offense unless one is first a felon. The controversy in the instant case, if one considers the merits of petitioner's claim, revolves around whether the petitioner had in fact ever been convicted of a felony at the time he was charged with being a felon in possession.

\*   \*   \*

The Magistrate Judge determined early on, and this Court concurs, that the petitioner had procedurally defaulted all of his claims, thereby precluding their consideration in this federal habeas action unless the petitioner can properly establish "cause and prejudice," or unless he can establish that a "constitutional violation has probably result-

ed in the conviction of one who is actually innocent...." *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986). After due consideration, in his Findings of January 10, 1994, the Magistrate Judge concluded that the petitioner "has not established cause for his default in state court and must meet the miscarriage of justice [actual innocence] exception." Again, this Court concurs.

A habeas petitioner who wishes to have a procedurally defaulted claim evaluated on its merits "must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner [guilty] under the applicable state law." *Sawyer v. Whitley,* — U.S. —, —, 112 S.Ct. 2514, 2515, 120 L.Ed.2d 269 (1992). The respondent devoted virtually half of his brief in opposition ("Objections to Recommended Disposition") arguing that the above standard set out in *Sawyer* "is uniquely applicable only to a claim that one is actually innocent of a sentence" and does not apply in those situations where, as here, the petitioner is claiming innocence of a conviction. That position would seem to be at odds with the law in this Circuit, however.

"Although the new standard required by *Sawyer* was announced in the context of a challenge to a death sentence, rather than a challenge to a conviction, we conclude that the new standard applies equally to challenges to a conviction, not just challenges to a death sentence." *McCoy v. Lockhart,* 969 F.2d 649 (8th Cir.1992).

Even under the strict standard set out in *Sawyer,* the Court is convinced that the petitioner's writ must be granted for the simple reason that he had never been convicted of a felony prior to the instant offense. Therefore, as a matter of law, he could not have been properly convicted of being a "felon in possession." The fact that "conviction of a prior felony is one of the elements of the offense charged" that is properly put before the trier of fact, *Combs v. State,* 270 Ark. 496, 606 S.W.2d 61, 63 (1980), does not give

the trier of fact, in this case the jury, the right to make a legal finding (much less an erroneous one).

The petitioner's relevant criminal history includes two California convictions that predated his move to Arkansas. The first of those two occurred in 1983. The petitioner, then known as Timothy Coombs, was convicted of misdemeanor battery with a dangerous weapon in violation of California Penal Code § 245(a).[1] Subsequent to that conviction, in 1984 the petitioner was convicted of violating CPC § 12021.1(b)(24), i.e., being in possession of a firearm with a prior conviction for a violent offense. It is this latter offense which the respondent maintains is the predicate felony for the subsequent Arkansas conviction.

CPC § 12021.1 provides, in pertinent part, as follows:

§ 12021.1. (a) Notwithstanding the provisions of subdivision (a) of Section 12021, any person who has been previously convicted of any of the offenses listed in subdivision (b) and who owns or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person is guilty of a *public offense,* and shall be punished by imprisonment in a county jail for at least six months and not exceeding one year, *or* by imprisonment in the state prison. If probation is granted, or if the imposition or execution of sentence is suspended, it shall be a condition of the probation or suspension that the defendant serve at least six months in a county jail.

(b) As used in this section, a violent offense includes any of the following:

\*      \*      \*      \*      \*      \*

(24) Assault with a deadly weapon or force likely to produce great bodily injury.

(emphasis added).

The petitioner was sentenced by the California trial judge to three years probation

---

1. As ominous as this offense sounds, it was apparently a misdemeanor under California law. The Court notes that California court records suggest that the "weapon" used in that crime was a "model gun," and that the sentence Mr. Coombs/Wilson received was one year, with all but the ten days already served at time of sentencing suspended. In any event, the respondent has abandoned his initial position that this particular offense was a felony.

and a 180 day term at the county jail. Recall that the statute provides that the defendant may be sentenced to a term at either the county jail or state prison, at the court's discretion. In the petitioner's case, it was the former.

The language of § 12021.1 at the time that the petitioner was convicted and sentenced neither described the offense as a felony nor a misdemeanor, but rather a "public offense." Classification of offenses in the California Penal Code is found in § 17 of that code:

**§ 17. Felony; misdemeanor; infraction; classification of offenses**

(a) A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions.

(b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison *or by fine or imprisonment in the county jail*, it is a misdemeanor for all purposes under the following circumstances:

(1) After a judgment imposing a punishment *other than imprisonment in state prison.*

(2) . . .

(emphasis added).

As stated above, the petitioner was *not* sentenced to a term in the state prison system, but instead was sentenced to 180 days in the *county jail* and given three years probation. Thus, it is this Court's finding that the plain language of CPC § 17 declares petitioner's offense to be a misdemeanor, not a felony. The California trial judge had the discretion to sentence Mr. Coombs/Wilson to state prison (thereby rendering his offense a felony) but chose not to.[2]

The Court finds it noteworthy that five years after the petitioner was convicted, the California Assembly amended Section 12021.1 by deleting the term "public offense," and replacing it with "felony." The one year

maximum term was also deleted. This buttresses the argument that prior to the amendment, the offense could be either a felony or a misdemeanor, depending on how the court sentenced the defendant.

\*　　\*　　\*

When the terms of CPC § 12021.1 as worded at the time the petitioner was convicted of same are read in conjunction with the sentence he received for that offense, and considering the plain language of § 17, it must be found as a matter of law that the petitioner had not been convicted of a felony when he was charged and convicted in Arkansas of being a "felon in possession." Therefore, he is "actually innocent" of the offense for which he has been incarcerated and entitled to habeas relief.

Accordingly, Mr. Wilson's petition is granted and his conviction is vacated. He shall be released from custody immediately.

IT IS SO ORDERED.

---

2. That the characterization of an offense as either a felony or misdemeanor might hinge on the type of sentence a defendant actually receives has long been the law in California. "As to a crime which may be either a misdemeanor or felony, depending on the punishment imposed

therefore, . . . it is the punishment specified by the *sentence* which determines the character of the crime 'for all purposes'. . . ." *People v. Hamilton*, 33 Cal.2d 45, 198 P.2d 873 (1948) (emphasis added).