Cite as 2025 Ark. App. 216

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-24-323

|  |  |  |
|---|---|---|
| | | Opinion Delivered April 9, 2025 |
| EDWARD LOCKHART | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION |
| V. | | [NO. 60CR-22-3994] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE KAREN D. WHATLEY, JUDGE |
| | | AFFIRMED |

**KENNETH S. HIXSON, Judge**

Appellant Edward Lockhart was convicted in a jury trial of driving while intoxicated (DWI), sixth offense, and he was sentenced to twenty years in prison. Lockhart's sole argument on appeal is that there was insufficient evidence to support his DWI conviction because the State failed to prove he was intoxicated. We affirm.

Pursuant to Ark. Code Ann. § 5-65-103(a)(1) (Repl. 2024), it is unlawful for a person who is intoxicated to operate or be in actual physical control of a motor vehicle. "Intoxicated" means "influenced or affected by the ingestion of alcohol, a controlled substance, any intoxicant, or any combination of alcohol, a controlled substance, or an intoxicant, to such a degree that the driver's reactions, motor skills, and judgment are substantially altered and the driver, therefore, constitutes a clear and substantial danger of

physical injury or death to himself or herself or another person." Ark. Code Ann. § 5-65-102(4) (Repl. 2024).

In reviewing a sufficiency challenge, we assess the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Armstrong v. State*, 2020 Ark. 309, 607 S.W.3d 491. We will affirm a judgment of conviction if substantial evidence exists to support it. *Id.* Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation or conjecture. *Id.* Circumstantial evidence may provide a basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Collins v. State*, 2021 Ark. 35, 617 S.W.3d 701. Whether the evidence excludes every other hypothesis is left to the jury to decide. *Id.* Further, the credibility of witnesses is an issue for the jury, not the court; the trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Armstrong, supra*.

Bret Buris testified that he is an engineer with the Little Rock Fire Department. On September 22, 2022, the fire department was called to a woods fire,[1] and Buris drove the fire truck to that location and parked on a narrow street. In the interest of safety, Buris parked the fire truck to block the street in the event the fire hose needed to be deployed.

_____

[1]Buris later learned that the smoke was caused by someone burning leaves.

While the fire truck was parked blocking the street, Lockhart approached the fire truck in his car. Lockhart got out of his car and asked for the fire truck to be moved so he could pass. To accommodate Lockhart's request, Buris moved the fire truck to the side of the narrow street. Lockhart then attempted to pass. Buris testified that "as soon as he got even with my front bumper, he accelerated to a pretty high rate of speed" and that as he was trying to pass, Lockhart's side mirror hit the roll-up door of the fire truck, leaving a twelve-to-fourteen-inch black mark.

After Lockhart struck the fire truck, the fire captain yelled at him to stop, and Lockhart complied. Lockhart stopped his car, approached the firefighters, and denied causing any damage to the truck. After Buris showed Lockhart the marks on the fire truck, Lockhart admitted that he hit the truck and offered to pay for the damage. By this time, the fire captain had already called the police. According to Buris, during his interaction with Lockhart, Lockhart was angry and was slurring his speech. He stated that Lockhart staggered toward his vehicle several times and that he almost fell over and had to catch himself. Buris also stated that Lockhart tried to take a picture of the damage using his phone but he struggled with the phone and could not get it to work properly.

Officer Cameron Gitz of the Little Rock Police Department responded to the accident. When Officer Gitz made contact with Lockhart, he observed that Lockhart smelled of intoxicants, was stumbling, and had bloodshot eyes and slurred speech. Officer Gitz stated that when he asked Lockhart for his information, Lockhart became uncooperative and unruly. As a result, Officer Gitz handcuffed Lockhart and placed him in the back of his

3

patrol car. Officer Gitz decided not to perform field sobriety tests on Lockhart, and he explained:

> [There are] two reasons for that. One, we were always trained that any individual that has been involved in an accident, a lot of times those field sobriety tests aren't going to come out the right way because what you're looking for can be affected by the trauma of an accident, mixed with the fact that at that point in time, due to his behavior and I was putting him in handcuffs, I'm not going to take him out of handcuffs and ask him nicely to do some tests for me. . . . You are not going to take an individual who's now upset or potentially combative and take them back out of handcuffs and ask them to perform sobriety tests [because] you have no idea what they're potentially going to do.

Officer Christian Heustis arrived at the scene shortly thereafter. Officer Heustis stated that Lockhart was verbally aggressive and told the officers "he's going to have our jobs." Officer Heustis removed Lockhart from the back of Officer Gitz's patrol car and placed him in the back of his patrol car. Officer Heustis said that Lockhart smelled of intoxicants and that his speech was slurred. Officer Heustis testified:

> We would ordinarily do a standard field sobriety test at this point. Because he was being verbally aggressive, I wasn't going to remove him from handcuffs and my secured vehicle and administer these on the scene, just for officer's safety, for the public safety, and for his safety.

Officer Heustis transported Lockhart to the police station and attempted to administer a breathalyzer test, which Lockhart refused.

Lockhart testified on his own behalf. Lockhart stated that he became agitated that day because the fire truck was blocking the street, and smoke from the brush fire was coming into his car. Lockhart stated that, after the firefighters signaled for him to pass, one of his front tires went into the ditch, and when he accelerated and attempted to correct his

4

direction, "the car jacked forward a little bit, and the mirror scraped the side of the truck." Lockhart stated that he initially told the firefighters he did not think he hit the truck but that after they showed him red paint on his side mirror, he offered to pay for the damage. When the police arrived and asked Lockhart about whether he had been drinking, Lockhart became defensive and told them he had not been drinking. Lockhart stated that the police wanted to search his car and that it turned into a big argument. Lockhart also stated that because of the smoke, he was coughing and his eyes were red. He stated that he was angry due to the smoke, him hitting the fire truck, and him arguing with the firefighters and officers. Lockhart admitted that he refused the breathalyzer test. He testified that the officer who had asked him to take the breathalyzer test was "messing with the machine and unplugging it and so forth" and that "[he] didn't feel right" about taking the test.

The jury convicted Lockhart of DWI, sixth offense,[2] and sentenced him to twenty years in prison. Lockhart appealed.

Lockhart's sole argument for reversal is that there was insufficient evidence that he committed DWI because the State failed to prove he was intoxicated on the day he was arrested. In support of his sufficiency challenge, Lockhart relies on *Roach v. State*, 30 Ark. App. 119, 783 S.W.2d 376 (1990), and *Robinson v. State*, 98 Ark. App. 237, 254 S.W.3d 750 (2007).

---

[2]The State presented proof that Lockhart had been convicted of five prior DWI offenses within the relevant time frame, which Lockhart does not challenge on appeal.

In *Roach*, *supra*, the jury convicted Roach of DWI, and she challenged the sufficiency of the evidence on appeal. In that case, the police heard tires squeal and then found Roach sitting in her car on the shoulder of the road "with the motor revved." The officers testified that Roach was unsteady on her feet, her speech was slurred, and she was extremely emotional. There was no odor of intoxicants, but Roach had two bottles of prescription pills in her possession that appeared to have been filled the previous day, with one of the bottles half full and the other bottle almost empty. No other evidence was introduced concerning the contents of the bottles. No field sobriety tests were performed, and Roach was not asked to provide a blood or urine sample.

In *Roach*, we stated that the jury could conclude without resort to speculation or conjecture that Roach took some of the pills. However, we agreed with Roach that there was insufficient evidence to support the DWI conviction. We stated, "The jury concluded that the appellant was intoxicated by a controlled substance; however, because there was no evidence whatsoever that the pills were a controlled substance, the jury was left to speculation and conjecture." *Roach*, 30 Ark. App. at 123, 783 S.W.2d at 378.

Lockhart asserts that our decision in *Roach* mandates reversal of his DWI conviction. He notes that as in *Roach*, in the present case there was officer testimony about his mannerisms and demeanor but that no field sobriety tests were given. However, we find *Roach* distinguishable in three important ways. First, the reason no field-sobriety tests were administered to Lockhart was due to his aggression toward the officers and his lack of cooperation. Next, both police officers testified that Lockhart smelled of intoxicants, and

6

no such testimony was present in *Roach*. Finally, Roach was not asked to take a chemical test, but in this case, Lockhart was asked to take a breathalyzer but refused. Our supreme court has held that the refusal to be tested may be considered as evidence of guilt. *Medlock v. State*, 332 Ark. 106, 964 S.W.2d 196 (1998). Because of these distinguishing factors, we do not agree that our decision in *Roach* directs reversal here.

Lockhart also relies on *Robinson*, *supra*, a case in which this court overturned a felony negligent-homicide conviction because there was insufficient evidence of intoxication at the time of the accident. In that case, Robinson was driving at a high rate of speed, crossed the center line, and hit an oncoming vehicle, causing the driver's death. The responding officers testified that there were no signs that Robinson was intoxicated. Robinson was asked to give a blood and urine test, and she complied. The blood-test report stated there was "insufficient quantity for analysis." The toxicologist who performed the urine test detected no evidence of alcohol, but the test was positive for various illegal substances, including marijuana and amphetamines. The toxicologist testified that the presence of marijuana indicated usage within the last thirty-six hours and that the presence of methamphetamine indicated usage within the last twelve to twenty-four hours before the sample was taken but that he could not infer any type of intoxication from the urine drug test. On these facts, we held:

> Because the toxicologist and the crime-laboratory toxicologist could not say that the test results proved she was intoxicated, and the witnesses say she did not seem intoxicated, evidence of the accident and urine screen alone are not sufficient to find appellant guilty of felony-negligent homicide in this case.

*Robinson*, 98 Ark. App. at 243, 254 S.W.3d at 754.

7

Lockhart contends that although he was involved in a motor-vehicle accident, he was on a narrow street attempting to avoid a fire truck when he only minimally collided with the truck and that the circumstances of the roadway explain the cause of the accident. Lockhart states that, as in *Robinson*, there was a motor-vehicle accident, but there was insufficient evidence that he was impaired or intoxicated while he was in control of the vehicle.

We, however, conclude that the facts in *Robinson* are easily distinguishable. In that case, there was no testimony from the officers that Robinson appeared intoxicated, whereas here, there was testimony that Lockhart smelled of alcohol, was staggering, and had bloodshot eyes and slurred speech. Moreover, Robinson complied with the officer's request to submit to chemical tests, and the results of those tests were insufficient to prove intoxication. Here, Lockhart refused the breathalyzer test, which, as stated, may be considered as evidence of his guilt.

We think this case is more like *Lockhart v. State*, 2017 Ark. 13, 508 S.W.3d 869.[3] In that case, we affirmed a DWI and explained:

> Viewing the evidence in the light most favorable to the State, we hold that the evidence was sufficient to support the jury's verdict. Lockhart here manifestly failed to submit to testing twice. This reveals a consciousness of guilt on his part and is independently relevant to prove he was intoxicated. In addition, Officer White testified that after he pulled Lockhart over, Lockhart emitted a strong odor of alcohol and had a stagger to his walk. Lockhart also appeared to be confused about his location and where he actually lived. We therefore affirm Lockhart's conviction for driving while intoxicated because the officer's observations, coupled with Lockhart's refusal to submit to testing and apparent confusion, amount to substantial evidence.

*Lockhart*, 2017 Ark. 13, at 4, 508 S.W.3d at 872.

---

[3]Edward Lockhart, the appellant herein, was also the appellant in that case.

The following principles apply to this case. The observations of police officers with regard to the smell of alcohol and actions consistent with intoxication can constitute competent evidence to support a DWI charge. *Johnson v. State*, 337 Ark. 196, 987 S.W.2d 694 (1999). Moreover, opinion testimony regarding intoxication is admissible. *Id.* The refusal to submit to a breath test is also admissible evidence on the issue of intoxication and may indicate the defendant's fear of the results of the test and the consciousness of guilt. *Id.*

The evidence, viewed in the light most favorable to the State, showed that Lockhart collided with a fire truck on a narrow street while attempting to pass the truck. After Lockhart exited his car, he was agitated and uncooperative, and he initially denied striking the truck before being shown physical evidence of the damage. The testimony showed that Lockhart had bloodshot eyes and slurred speech, he staggered in the street and almost fell, he smelled of intoxicants, and he was unable to operate his phone to take a picture of the damage to the truck. The police officers testified that although field sobriety tests are normally administered in this type of situation, none were given here because Lockhart had become unruly and aggressive, which necessitated placing him in handcuffs. Finally, Lockhart refused to take a breathalyzer test at the police station, which was admissible on the issue of intoxication and his consciousness of guilt. We hold that this evidence amounted to substantial evidence that Lockhart was intoxicated while in control of his vehicle. Accordingly, Lockhart's conviction for DWI, sixth offense, is affirmed.

Affirmed.

GLADWIN and HARRISON, JJ., agree.

*Dusti Standridge*, for appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.