AT KNOXVILLE

**FILED**

**February 11, 1998**

Cecil Crowson, Jr.
**Appellate Court Clerk**

TERESA MCGLOTHLIN and KATHY HELTON,

      Appellants,

v.

BRISTOL OBSTETRICS, GYNECOLOGY and FAMILY PLANNING, INC.,

and

DR. GARY BOYLE,

      Appellees.

) C/A NO. 03A01-9706-CV-00238
)
) SULLIVAN LAW
)
) HON. JOHN McLELLAN, III
) JUDGE
)
)
)
)
)
)
) AFFIRMED
) AND
) REMANDED

TERRY C. FRYE, Bristol, VA, for Appellants.

CHARLES T. HERNDON, IV, HERNDON, COLEMAN, BRADING & McKEE, Johnson City, for Appellees.

**O P I N I O N**

Franks, J.

Plaintiffs, mother and daughter, sued defendants, charging defendants performed an abortion on daughter, in violation of T.C.A. §39-15-202, and the doctor, in performing the abortion, was guilty of medical malpractice and battery upon the daughter.

The Trial Court dismissed the part of the complaint relying upon violation of the statute, on the grounds that the statute was unconstitutional, and granted summary judgment on the remaining causes of action. Plaintiffs have

appealed.

The disputed statute was passed by the General Assembly in 1989, and recorded at Chapter 591, Public Acts of 1989, which Act states, in pertinent part:

<u>Section 39-15-202. Consent of pregnant woman required prior to abortion-information provided by doctor-Waiting period-Penalty for violation-Notice to parents or guardians-Requirements inapplicable in certain cases.</u>

(a) An abortion otherwise permitted by law shall be performed or induced only with the informed written consent of the pregnant woman, given freely and without coercion. Such consent shall be treated as confidential.

(b) In order to insure that a consent for an abortion is truly informed consent, an abortion shall be performed or induced upon a pregnant woman only after she has been orally informed by her attending physician of the following facts and has signed a consent form acknowledging that she has been informed as follows:

(1) That according to the best judgment of her attending physician she is pregnant;

(2) The number of weeks elapsed from the probable time of the conception of her unborn child, based upon the information provided by her as to the time of her last menstrual period or after a history, physical examination, and appropriate laboratory tests;

(3) That if more than twenty-four (24) weeks have elapsed from the time of conception, her child may be viable, that is, capable of surviving outside of the womb, and that if such child is prematurely born alive in the course of an abortion her attending physician has a legal obligation to take steps to preserve the life and health of the child;

(4) That abortion in a considerable number of cases constitutes a major surgical procedure;

(5) That numerous public and private agencies and services are available to assist her during her pregnancy and after the birth of her child, if she chooses not to have the abortion, whether she wishes to keep her child or place him or her for adoption, and that her physician will provide her with a list of such agencies and the services available if she so requests; or

(6) Numerous benefits and risks are attendant either to continued pregnancy and childbirth or to abortion depending upon the circumstances that the patient might find herself in. The physician shall explain these benefits and risks to the best of his ability and knowledge of the circumstances involved.

2

(c) At the same time the attending physician provides the information required by subsection (b) of this section, he shall inform the pregnant woman of the particular risks associated with her pregnancy and childbirth and the abortion or child delivery technique to be employed, including providing her with at least a general description of the medical instructions to be followed subsequent to the abortion or childbirth in order to insure her safe recovery.

(d) There shall be a two (2) day waiting period after the physician provides the required information, excluding the day on which such information was given, and on the third day following the day such information was given, the patient may return to the physician and sign a consent form.

Violation of this subsection by a physician is a Class E felony.

Provided, however, that this subsection (d) shall not apply when the attending physician, utilizing his experience, judgment, or professional competence, determines that a two (2) day waiting period or any waiting period would endanger the life of the pregnant woman. Such determination made by the attending physician shall be in writing and shall state his medical reasons upon which he bases his opinion that the waiting period would endanger the life of the pregnant woman. This provision shall not relieve the attending physician of his duty to the pregnant woman to inform her of the facts under subsection (b) of this section.

(e) The attending physician performing or inducing the abortion shall provide the pregnant woman with a duplicate copy of the consent form signed by her.

(f) The attending physician or agency performing an abortion upon a minor of less than eighteen (18) years of age shall inform the parents or legal guardians of such minor, or if the whereabouts of the parents cannot be determined and there is no other legal guardian than the agency or other individual to whom the child's custody has been transferred, two (2) days prior to the operation that an abortion is to be performed upon such minor. Provided however, the provisions of this section shall in no way be construed to mean, provide for, or authorize parental objection to, in any way, prevent or alter the decision of the minor to proceed with the abortion.

Notice shall not be required if:

(1) The minor is emancipated by marriage; or

(2) The attending physician determines that, in his best medical judgment, the abortion is necessary to preserve the life or health of the mother and must be performed prior to the expiration of the two (2) day notice period.

(g) The words "the physician" and "the attending physician" as

3

used in this section shall mean any licensed physician on the service treating the pregnant woman.

> (h) The provisions of this section shall not apply in those situations where an abortion is certified by a licensed physician as necessary to preserve the life of the pregnant woman.

In response to the notice of challenge to the constitutionality of the statute the

Attorney General, responded:

> The statutory provision at issue, Section 39-15-202(f), was deleted by amendment in 1995 and is, accordingly, no longer in effect. The Attorney General declines to defend the constitutionality of this repealed statutory provision.

The Chancellor, in his opinion, said and we quote with approval:

> The plaintiff, then a minor 17 years and approximately 10 months of age, contracted for an abortion on September 29, 1990. The statutory scheme in effect in Tennessee at the time provided that if a person was under 18 years of age, that the attending physician would inform that person's parents of the contemplated procedure two days prior to the abortive procedure being performed on the minor. The two-day waiting period set forth in subsection (d)(1) of T.C.A. 39-15-202 applies to a pregnant woman who has been orally informed by her attending physician of factors (1) through (6) and requires the signing of a consent form acknowledging that the patient has been advised of the statutorily prescribed information. Subsection (f)(1) and (2) is the only statutory subsection of T.C.A. 39-15-202 solely applicable to an individual less than 18 years of age. It further appears that the statutory construction in question represents the effort of the legislature to address the constitutional infirmities contained in prior legislation as it relates to abortion rights and minors. This statutory scheme was legislatively re-established in 1995 and is now provided in T.C.A. 37-10-301, *et seq.* This legislation has again been found to be constitutionally infirm <u>first</u> for failure to properly protect a minor's confidentiality and anonymity in seeking a judicial bypass of parental consent and <u>secondly</u> for failure to provide a sufficiently expeditious bypass procedure. . . . *See Memphis Planned Parenthood, Inc. V. Donald Sundquist, et al.*, ___ Fed. Supp. (M.D. Tenn. 1996). It thus appears that both the Tennessee Supreme Court and the United States District Court reviewed Tennessee's various statutory provisions as they apply to a minor's right to terminate her pregnancy by taking into consideration not only the provisions regarding parental consent and two-day waiting period but also consideration of the four criteria required by the United States Supreme Court in the case of *Bellotti v. Baird*, 443 U.S. 622, 99 S.Ct. 3035 (1979). *Bellotti* established the four criteria that a judicial bypass procedure in a consent statute such as Tennessee's must satisfy. The United District Court found that the 1995 re-enactment failed to meet the two of the *Bellotti*-imposed criteria.

4

The Court finds that Tennessee's statutory scheme involving abortions as it relates to a minor is so interwoven with other statutory provisions, that the Court can not elide a previously declared unconstitutional portion of a statute and determine that the remaining provisions are constitutional and effective particularly where so many of the provisions of the subject statutory scheme has been declared unconstitutional by state and federal courts.

. . .

Further as to the issue of plaintiff's capacity to consent which is predicated upon T.C.A. 39-15-202, the Court finds that the record fails to rebut the presumption of capacity by the plaintiff to sign the consent to abortion document as a mature minor. *See Cardwell v. Bechtol*, 724 S.W.2d 739 (Tenn.. 1987). Defendants' medical affidavit is effectively unrebutted. A cause of action by plaintiffs based upon battery for failure to obtain informed or knowledgeable consent prior to the abortion being performed is not alleged nor supported by proper medical or other evidence.

Plaintiffs' complaint predicates their cause of action upon defendants' failure to comply with T.C.A. 39-15-202(b) and (e) (battery or lack of informed consent and strict liability); thus, plaintiffs' cause of action rests solely within the confines of the provisions of T.C.A. 39-15-202. Therefore, the viability of plaintiffs cause of action based on battery or lack of informed consent and strict liability rests upon the viability of the statute. . . . Additionally, T.C.A. 39-15-201, *et seq.*, fails to create a civil cause of action (although it does contain criminal sanctions) for failure to notify such parents or guardians and is additionally constitutionally unsound in that it fails to provide a judicial by-pass procedure which the United States supreme Court mandated in order to provide to minors their constitutional guarantees. *Bellotti v. Baird, supra* at 642-44 (1979).

Plaintiffs appeal that part of the decision holding the statute unconstitutional, the allegation of interference with family relations, and the summary judgment as to the allegations of battery and medical malpractice.

First, plaintiffs argue that we should uphold T.C.A. 39-15-202(f) and assert that the United States Supreme Court has never expressly required a by-pass procedure in order for a notification statute to be valid. *Citing H.L. v. Matheson*, 450 U.S. 398 (1981). The *Matheson* Court held that it would not entertain the constitutional challenge to the statute because the plaintiff did not have standing. *Id.* 101 S.Ct. 1189. In *Matheson* Mr. Justice Powell in a concurring opinion states the

rule succinctly:

> Numerous and significant interests compete when a minor decides whether or not to abort her pregnancy. The right to make that decision may not be unconstitutionally burdened. *Roe v. Wade*, 410 U.S. 113, 154, 93 S.Ct. 705, 727, 35 L.Ed.2d 174 (1973); *Planned Parenthood of Central Mo. V. Danforth*, 428 U.S., at 74-75, 96 S.Ct. At 2843-2844. In addition, the minor has an interest in effectuating her decision to abort, if that is the decision she makes. *Id.* at 75, 96 S.Ct., at 2844; *Bellotti II*, 443 U.S. at 647, 99 S.Ct., at 3035. The State, aside from the interest it has in encouraging childbirth rather than abortion, *cf. Maher v. Roe*, 432 U.S. 464, 97 S.Ct. 2376, 53 L.Ed.2d 484 (1977); *Harris v. McRae,* 448 U.S. 297, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980), has an interest in fostering such consultation as will assist the minor in making her decision as wisely as possible. *Planned Parenthood of Central Mo. V. Danforth, supra,* 428 U.S., at 91, 96 S.Ct. At 2851 (STEWART, J., concurring); *post,* at 1178 (STEVENS, J., concurring in judgment). The State also may have an interest in the family itself, the institution though which "we inculcate and pass down many of our most cherished values, moral and cultural." *Moore v. East Cleveland*, 431 U.S. 494, 503-504, 97 S.Ct., 1932, 1937-1938, 52 L.Ed.2d 531 (1977). Parents have a traditional and substantial interest in, as well as a responsibility for, the rearing and welfare of their children, especially during immature years. *Bellotti II, supra*, 443 U.S., at 637-639, 99 S.Ct. At 3045-3046.
>
> None of these interests is absolute. Even an adult woman's right to an abortion is not unqualified. *Roe v. Wade*, *supra*, 410 U.S., at 154, 93 S.Ct., at 727. Particularly when a minor becomes pregnant and considers an abortion, the relevant circumstances may vary widely depending upon her age, maturity, mental and physical condition, the stability of her home if she is not emancipated, her relationship with her parents, and the like. . . . <u>In sum, a State may not validly require notice to parents in all cases, without providing an independent decision maker to whom a pregnant minor can have recourse if she believes that she is mature enough to make the abortion decision independently or that notification otherwise would not be in her best interests.</u> (Emphasis supplied).

Clearly, under the Constitution of the United States and the case law decisions dealing with this issue, it is established that the statute as written offends the individual's constitutional safeguards. Moreover, the statute impermissibly restricts the individual's liberty and privacy interests under this State's Constitution. *See: Hawke v. Hawke*, 855 S.W.2d 573 (Tenn. 1993), and *Davis v. Davis*, 842 S.W.2d 588 (Tenn. 1992), *cert. denied* 113 S.Ct. 1259 (1993).

Next, plaintiffs contend that the Trial Court erred in finding the

remaining sections of that statute to be unconstitutional, i.e., (a), (b), (c), (d) and (e).

Under the familiar rule that we will only consider constitutional issues if the matter may not otherwise be resolved, we conclude that no private civil right of action exists for the alleged violations of the remainder of the statute. *See Roddy v. Volunteer Medical Clinic, Inc.*, 926 S.W.2d 572 (Tenn. App. 1996). As the Supreme Court in *Planned Parenthood Association v. McWherter*, 817 S.W.2d 13 (Tenn. 1991) observed, the legislature adopted the statute as a part of Chapter 591 of the Public Acts of 1989 when the legislature revised Tennessee criminal laws and sentencing procedure and this statute is a part of that massive revision and includes a criminal penalty for certain violations, i.e., a felony. Plaintiffs cite the 1988 Public Act, Chapter 929, which contains the following provision:

> Failure to obtain consent pursuant to the requirements of this Act is *prima facie* evidence of failure to obtain informed consent and of interference with family relations in appropriate civil actions. The law of this State shall not be construed to preclude the award of exemplary damages in any appropriate civil action relevant to the violation of this Act. Nothing in this Act shall be construed to limit the common law rights of parents.

They insist that "it only stands to reason that it would also be applicable to the similar issue of parental notification". This provision has no efficacy here. It is contained in another chapter of the Code and the Court in *McWherter*, in discussing Tennessee's 1988 Parental Consent Statute and Tennessee's 1989 Parental Notification Statute, held that the two statutes were in "direct conflict" and observed at page 15:

> Despite the absence of an explicit repealer bill, there can be little question about the legislative intent with regard to the two conflicting statutes involved here. . . . Because of an irreconcilable conflict between the revisions of the 1988 Parental Consent Statute . . . and those of the 1989 Parental Notification Statute . . . the latter Statute has effectively repealed the former by implication . . . .

The Rule relating to whether a private cause of action is created by a statute is stated in 73 Am.Jur.2d §432, p. 530:

> In this respect, the general rule is that a statute which does not purport to

> establish a civil liability, but merely makes provision to secure the safety or welfare of the public as an entity, is not subject to a construction establishing a civil liability.

Under the test we set forth in *Bucker v. Carlton,* 623 S.W.2d 102 (Tenn. App. 1981), we conclude that the legislature did not create a private right of action for damages, as it relates to the remaining sections of the Act. This is reinforced when the remainder of the Statute is considered independent of the provision which we have held unconstitutional. The gravamen of the complaint as to both plaintiffs is the violation of the statutory provision requiring parental notice.

As to the claims of battery and medical malpractice, defendant doctor submitted an unrebutted affidavit stating that he was familiar with the standard of care applicable to the procedure performed, and at all relative times exercised care required under that standard. No affidavit was filed in rebuttal of the doctor's affidavit, and summary judgment was appropriate on the issue of medical malpractice.

As to the remaining issue of battery, the affidavits filed by defendants present evidence that the plaintiff was a mature minor, and no countervailing affidavit disputes this evidence. The Supreme Court in *Bechtol* teaches that a minor fourteen years of age or older is presumed to have the capacity to consent to treatment. *Id.* at 745. This presumption is not rebutted on this record, and indeed is reinforced by the affidavits filed by defendants. Before leaving this issue, we point to our decision in *Roddy* at page 576, where we said:

> Determining whether defendant failed to obtain informed consent from Ms. Roddy is dependent upon the standard of care of the profession or speciality. If informed consent is not effectively obtained, the defendant's departure from the standard of care is not negligence, but battery, because the doctrine of battery is applicable to cases involving treatment performed without informed or knowledgeable consent. <u>Malpractice is based on the lack of care or skill in the performance of services contracted for, and battery is predicated upon wrongful trespass on the person, regardless of the skill employed. The assertion of one is the denial of the other. . . .</u> (Emphasis supplied).

For the foregoing reasons, we affirm the judgment of the Trial Court and

8

remand at appellants' cost.

_____
Herschel P. Franks, J.

CONCUR:

_____
Don T. McMurray, J.

_(Separate Concurring Opinion)_
Houston M. Goddard, P.J.

IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

February 11, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| TERESA McGLOTHLIN and | ) |
| KATHY HELTON | ) |
| | ) |
| Appellants | ) |
| | ) |
| v. | ) |
| | ) |
| BRISTOL OBSTETRICS, | ) SULLIVAN COUNTY |
| GYNECOLOGY and | ) 03A01-9706-CV-00236 |
| FAMILY PLANNING, INC. | ) |
| | ) |
| and | ) |
| | ) |
| DR. GARY BOYLE | ) |
| | ) |
| Appellees | ) |

CONCURRING OPINION

Goddard, P.J.

I concur in the opinion authored by Judge Franks. I write separately to point out that judges are always required to follow the law as pronounced by superior courts, but they are not required to agree with those pronouncements.

_____

Houston M. Goddard, P.J.